

FILED
JOHN P. HEHMAN
CLERK

2013 MAY 23 PM 4: 01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANE DOE, both individually and on behalf of a class of others similarly situated, | Civil Action Number |
| Plaintiff, | **2:13 CV 0503** |
| v. | **CLASS ACTION COMPLAINT** |
| FRANKLIN COUNTY, OHIO, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**JUDGE FROST**

**MAGISTRATE JUDGE ABEL**

## INTRODUCTION

This is a class action brought to redress the deprivation by Defendant of rights secured to the Plaintiff and proposed Class by the United States Constitution and the laws of the United States of America. For the past several years, Franklin County has required that all individuals placed into the custody of the Franklin County Workhouse (the "Workhouse") be subject to strip searches in groups upon admission, as well as have their tattoos photographed by Corrections Officers, oftentimes one of the opposite sex. Upon information and belief, this practice is also applied to individuals admitted to the Franklin County Correctional Center. Upon information and belief, these policies are, in part, derived from the written procedures of Franklin County, Ohio.

Plaintiff Jane Doe brings this action on behalf of herself, and on behalf of a proposed Class of thousands of other female detainees who were illegally strip searched in groups, and, furthermore, who had photographs taken of their tattoos, many of which were in private areas, to vindicate the clear and unnecessary violation of her civil rights

1

and those of the Class Members she proposes to represent. Plaintiff was charged with a non-felony offense, and was strip searched before she was arraigned and given an opportunity to post bail. Additionally, the Plaintiff has several tattoos in compromising positions on her body. These tattoos were also photographed prior to the Plaintiff's arraignment, and prior to her being given an opportunity to post bail. These actions were taken against the Plaintiff in violation of her rights under the Fourth Amendment of the United States Constitution, and the right to privacy, which is protected by the Fourteenth Amendment and is also an independent right with other constitutional underpinnings. The manner in which these searches occurred, especially photographing tattoos on female arrestees, including tattoos on a female's breasts or private areas, is also excessive and unnecessary for issues of jail security. A more humiliating and abusive set of procedures, enforced on individuals who oftentimes have been convicted of nothing and have not even been arraigned, is difficult to imagine. The Plaintiff seeks monetary damages from Defendant for herself and each member of the Proposed Class, a declaration that Defendant's policies are unconstitutional, and an injunction precluding Defendant from continuing to violate the rights of those placed into the custody of the Franklin County Workhouse and Franklin County Correctional Center. With this as a background, Plaintiff complains as follows:

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the constitutionality of the policies of a local government.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and Class claims occurred within this judicial district.

## PARTIES

3. Plaintiff Jane Doe is a citizen of the United States and resides in Franklin County, Ohio. In or around June 2012, Ms. Doe was arrested and placed in the Franklin County Workhouse on non-felony charges of disorderly conduct, which is classified as a minor misdemeanor under Ohio law. The Plaintiff has filed an application to file this case anonymously for reasons detailed in a motion filed contemporaneously with this complaint.

4. Defendant Franklin County, Ohio ("Franklin County") is a county government organized and existing under the laws of the State of Ohio. At all times relevant hereto, Franklin County was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Franklin County Workhouse ("the Workhouse") and the Franklin County Correctional Center (the "Correctional

Center"), and was responsible for the appointment, training, supervision and conduct of all Workhouse personnel. In addition, at all relevant times, Franklin County was responsible for enforcing the rules of the Workhouse and the Correctional Center, and for ensuring that personnel employed at the Workhouse and at the Correctional Center obey the Constitution and laws of the United States and of the State of Ohio.

5. The Franklin County Workhouse is located at 2460 Jackson Pike, Columbus, Ohio. The Franklin County Correctional Center is located at 370 South Front Street, Columbus, Ohio.

## CLASS ACTION ALLEGATIONS

6. Plaintiffs bring this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a Class of similarly situated individuals who were charged with or convicted of misdemeanors or minor crimes and were strip searched upon their entry into the Workhouse.

7. The Classes and Subclasses that Plaintiffs seek to represent is defined as follows:

Primary Class

> All female detainees who have been or will be placed into the custody of the Franklin County Workhouse and/or Franklin County Correctional Center, after being charged with misdemeanors, summary violations, violations of probation, traffic infractions, civil commitments or other minor crimes, including failure to pay fines, and were strip searched upon their entry into the Workhouse and/or the Correctional Center, pursuant to the policy, custom and practice of the County of Franklin. The class period commences on May 23, 2011, and extends to the date on which Franklin County is enjoined from, or otherwise ceases, enforcing its policy, practice and custom of

4

> conducting blanket, group strip searches on all detainees admitted to the Workhouse and/or the Correctional Center. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

Pre-Arraignment Detainee Subclass

> All female detainees who are members of the Primary Class and who were subjected to strip searches prior to being arraigned and/or provided with a reasonable opportunity to post bail.

Photograph Subclass

> All female detainees who are members of the Primary Class and who had photographs taken of their tattoos by Corrections Officers at that Franklin County Workhouse and/or the Franklin County Correctional Center.

8. This action has been brought and may properly be maintained as a Class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9. The members of the Class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of female citizens arrested for non-felony offenses who are placed into the custody of the Workhouse and Correctional Center every month -- all of whom are members of the Proposed Class. Upon information and belief, the size of the Proposed Class totals at least thousands of individuals, some of whom have had their civil rights violated on multiple occasions.

10. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of Class Members and the fact that Class Members are likely dispersed over a large geographical area, with some members presently residing outside of Ohio and this Judicial District. Furthermore, upon

information and belief, many members of the Class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

11. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches and seizures violated by Defendant's conduct of performing illegal strip searches and illegally photographing the tattoos of detainees. All members of the Class were charged with misdemeanors or summary violations when placed into the custody of the Workhouse and the Correctional Center, and all were illegally searched in violation of the Fourth Amendment and the right to privacy.

12. Furthermore, common questions of law and fact also exist regarding the manner in which detainees, including all members of the proposed class, were searched by Franklin County. The Plaintiff maintains that the Defendant had a policy and practice of conducting blanket group strip searches of all detainees on their admission to the Workhouse and the Correctional Center. Many of these detainees were not yet arraigned before a judicial officer, and many also had their tattoos photographed by corrections officers. The Plaintiff will maintain, as a matter of law, that this conduct represents an unreasonable seizure under the Constitution, and should be enjoined by this Court.

13. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class, and its respective subclasses, sustained damages arising out of Defendant's course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the members of Class.

14. The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the Members of the Class.

15. Plaintiff has retained counsel with substantial experience in the prosecution of Class action and civil rights litigation, including successful litigation of civil rights cases. Plaintiff's counsel has the resources, expertise and experience to successfully prosecute this action against Franklin County. Counsel for the Plaintiff knows of no conflicts among members of the Class or between counsel and members of the Class.

16. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiff seeks Class Certification under Fed. R. Civ. P. 23(b)(2), in that all Members of the Proposed Class were subjected to the same policy requiring the blanket, group strip searches of detainees at the Workhouse and Correctional Center, as well as photography of their tattoos. In short, Workhouse and Correctional Center personnel acted on grounds generally applicable to all members of the Class.

17. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

18. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendant's written and/or *de facto* policy of conducting uniform group strip searches on all individuals charged with misdemeanors or minor crimes is a violation of the Fourth and Fourteenth Amendments to the United

States Constitution, and whether such a written and/or *de facto* policy existed during the Class Period. Common questions also exist regarding the conduct of these searches on detainees who have not been arraigned, and the excessiveness of photographing the tattoos of female detainees.

19. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Class is impracticable given the large number of members of the Class and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a Class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

20. Upon information and belief, there are no other actions pending to address the Defendant's flagrant violation of the civil rights of thousands of individuals, even though upon information and belief the Defendant has maintained its illegal practices for several years.

21. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs also seek partial certification under Fed. R. Civ. P. 23(c)(4).

## FACTS

### Facts Applicable to the Class Generally

22. The Fourth Amendment of the United States Constitution prohibits Franklin County officials, such as Workhouse and Correctional Center personnel in this action, from conducting strip searches of detainees at a local correctional facility in a manner that does not respect a detainee's privacy rights in the unnecessary viewing of their naked bodies. Allowing for detainees to be strip searched in groups, in the absence of appropriate individual privacy, is a violation of the United States Constitution. Furthermore, requiring female detainees to have all of their tattoos photographed, including photographs of tattoos in private areas, also violates the Fourth Amendment and is not reasonably related to jail security.

23. The Fourth Amendment of the United States Constitution further prohibits the blanket strip searches of detainees who have not been arraigned or been provided with a reasonable opportunity to post bail. These same prohibitions also apply to the photography of tattoos of female detainees who have not been arraigned or been provided with a reasonable opportunity to post bail.

24. Upon information and belief, Franklin County has instituted a written and/or *de facto* policy, custom or practice of conducting blanket strip searches of all detainees who enter the custody of the Workhouse and the Correctional Center, and conducting these searches in large groups in the absence of privacy partitions. These searches are conducted regardless of the condition of the individual or reasonable suspicion of whether the individual is harboring contraband. For the vast majority of detainees and class members, these strip searches are done prior to a detainee being

9

arraigned before a judicial officer to contest the circumstances of their detention, or being provided with a reasonable opportunity to post bail following arraignment.

25. Upon information and belief, Franklin County has instituted a written and/or *de facto* policy, custom or practice of photographing the tattoos of all detainees who enter the custody of the Workhouse and the Correctional Center. These photographs are taken regardless where a tattoo is on the body, or whether there is any basis to believe that these tattoos have any relationship to jail security issues. The female detainees and class members in this action undoubtedly have tattoos in a variety of private areas, including on their breasts, buttocks, inner thighs, mons pubis and pudendal cleft, all of which have been photographed and stored in the computer banks of the Workhouse and Correctional Center. For the vast majority of detainees and class members, their tattoos were photographed prior to being arraigned before a judicial officer to contest the circumstances of their detention, or being provided with a reasonable opportunity to post bail following arraignment.

26. The County knows that it may not institute, enforce or permit enforcement of a policy or practice of conducting blanket strip searches on Class Members without providing reasonable privacy measures, and, for members of the Pre-Arraignment Detainee subclass, in the absence of reasonable suspicion to believe a detainee is harboring contraband. The County also knows that it may not institute, enforce or permit enforcement of a policy or practice of conducting the uniform photography of tattoos of members of the photography subclass in the absence of that practice having a reasonable relationship to jail security issues.

27. Furthermore, the County's policies, practices and customs, as addressed above, are both offensive and absurd. Forcing all female detainees to disrobe and be strip searched in groups, as compared to allowing detainees to disrobe in private, is unnecessary and humiliating. Forcing many of these same detainees to have their tattoos photographed and stored in Franklin County computers is beyond cavil, and is grossly humiliating, abusive and unnecessary. These practices are particularly offensive considering that many class members have not been arraigned and/or have not been given an opportunity to post bail on minor offenses.

28. The Defendant's written and/or *de facto* policies, practices and customs mandating the blanket, group strip searches of detainees and the photography of tattoos has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

29. Pursuant to these written and/or *de facto* policies, each member of the Class, including the named Plaintiff, was the victim of a routine, compulsory blanket group strip search upon their entry into the Workhouse and the Correctional Center. These strip searches were conducted without inquiry into or establishment of reasonable suspicion as to whether the Class Members harbored contraband, and in fact were not supported by reasonable suspicion. They also were unreasonable given more dignified alternatives, including allowing detainees to disrobe and be searched in private, being inspected only by one corrections officer versus being searched in a large group. These strip searches have been conducted on individuals arrested for, among other innocuous offenses, driving while intoxicated, driving with a suspended license, harassment and trespassing.

30. Relative to the photograph subclass, each member of this subclass was also the victim of the routine, compulsory photographing of tattoos upon their entry into the Workhouse and the Correctional Center. This wholesale regime of photographing the tattoos of female detainees was conducted without any consideration of whether photographing the tattoos in question had any reasonable relationship to jail security or order, or, more importantly, how the location of the tattoo related to those issues.

31. As a direct and proximate result of the blanket, group strip searches and tattoo photographs conducted pursuant to these written and/or *de facto* policies, the victims of the unlawful practices -- each member of the Class, including the named Plaintiff -- has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Named Plaintiff Jane Doe**

32. Plaintiff Jane Doe resides in Franklin County, Ohio. In or around June 2012, Ms. Doe was arrested on non-felony charges of disorderly conduct. Specifically, Ms. Doe was alleged to have been loud outside of a bar in the gateway area of Columbus.

33. The circumstances of Ms. Doe's arrest were void of any reasonable suspicion to believe that she was secreting a weapon or contraband in a private area.

34. At approximately 9:00 PM, Ms. Doe was arrested for disorderly conduct and taken directly to the Franklin County Workhouse. Upon information and belief, Ms. Doe was taken to the Workhouse because the Correctional Center was overcrowded. Approximately one hour later, Ms. Doe was taken to a room and subjected to a strip search. As part of her strip search, Ms. Doe was required to remove several piercings

while being viewed by Corrections Officers, including piercings in her breasts and stomach. This strip search was conducted prior to Ms. Doe being arraigned before a judicial officer, or being provided with a reasonable opportunity to post bail.

35. Several hours after being strip searched, Ms. Doe was then taken to a room where a male and female corrections officer were stationed. At this time, Ms. Doe was asked if she had any tattoos. After responding in the affirmative, Ms. Doe was required to expose her tattoos to be photographed by the male and female corrections officer. Ms. Doe had two tattoos on her mons pubis, including one approximately ½ inch from her clitoral hood, as well as several tattoos on other parts of her body. None of these tattoos are related to gang activity, nor would anyone reasonably believe they are gang related; instead, they are a female symbol, a phrase in Italian, a poem, the words "beautiful disaster," the words "living to die, dying to live," a rainbow and a flower. Ms. Doe was subsequently forced to remove her clothes, including her pants and underwear, to allow complete strangers to photograph these tattoos. When Ms. Doe objected, she was told that this photography was "routine" and the "procedure." Presumably, these highly personal photographs are currently stored in the databanks of Franklin County. These photographs were taken prior to Ms. Doe being arraigned before a judicial officer, or being provided with a reasonable opportunity to post bail.

36. Ms. Doe's father posted her bail, presumably set per the bail schedule, at 5:30 AM after she called him following the conclusion of the booking procedures detailed above. She was eventually released at 7:30 PM. Ms. Doe had to appear in court on one occasion, after which her charges were dismissed.

37. As a direct and proximate result of the unlawful strip search, Plaintiff has suffered and continues to suffer psychological pain, humiliation, suffering and mental anguish.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

-- Violation of Constitutional Rights Under Color of State Law --
-- Unreasonable Search and Seizure --
Strip Searches

38. Plaintiff incorporates by reference and realleges each and every allegation stated in the foregoing paragraphs.

39. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by law enforcement officers, and prohibits officers from conducting blanket strip searches, especially strip searches performed in groups, on individuals who have not been arraigned or been provided with a reasonable opportunity to post bail. The Fourth Amendment also requires corrections officials to conduct any such searches only when supported by reasonable suspicion to believe a detainee has contraband secreted in a private area.

40. The Fourth Amendment of the United States Constitution also protects citizens from being strip searched in a manner that is abusive and intentionally humiliating, including when those strip searches are conducted in the presence of other detainees.

41. The actions of Defendant detailed above violated the Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable for

14

Workhouse and Correctional Center personnel to engage in blanket strip searches of detainees prior to their arraignment or prior to their being provided with a reasonable opportunity to post bail. In short, it was completely unnecessary, as well as legally unjustifiable, for the Defendant to require its corrections officers to engage in the mandatory strip searches of detainees who were not provided with an opportunity to post bail, and where reasonable suspicion was not otherwise present. It is difficult to imagine a more humiliating and unnecessary procedure than conducting uniform strip searches on individuals who will not enter the general jail population because they will be able to affect their immediate release on minor criminal charges.

42. Additionally, the rights of the Plaintiff and members of the proposed class were also violated because their strip searches occurred in the presence of other detainees.

43. This strip search regimen was conducted pursuant to the policy, custom or practice of Franklin County and its Department of Correction. As such, Franklin County is directly liable for the damages of Plaintiffs and members of the Class.

44. Defendant Franklin County is responsible for establishing the strip search procedures utilized in the Workhouse and Correctional Center, and is further responsible for the implementation of written policies at these facilities.

45. This conduct on the part of Defendant represents a violation of 42 U.S.C. § 1983, given that the actions of the Workhouse and Correctional Center personnel were taken under color of state law.

46. As a direct and proximate result of the unconstitutional acts described above, Plaintiff and the Members of the Strip Search Class have been irreparably injured.

## SECOND CAUSE OF ACTION

### -- Violation of Constitutional Rights Under Color of State Law --
### -- Unreasonable Seizure; Violation of the Right to Privacy --
### Photography of Tattoos

47. Plaintiffs incorporate by reference and reallege each and every allegation stated in the foregoing paragraphs.

48. The Fourth Amendment to the United States Constitution protects citizens from unreasonable seizures by law enforcement officers, and prohibits correctional officials from photographing the private parts and other hidden areas on a detainee in the absence of a reasonable justification, and in an unreasonable manner. Additionally, the right to privacy is protected by the Fourteenth Amendment and is also an independent right with other constitutional underpinnings. The right to privacy similarly constrains a state official from photographing the private parts or other private areas on a citizen, and, importantly, prohibits the continued retention of those photographs after a detainee's criminal case has been resolved.

49. The actions of Defendant detailed above violated and improperly invaded Plaintiff's rights to privacy and to be free from unreasonable seizures. Simply put, it was not objectively reasonable for Workhouse and Correctional Center personnel to photograph the tattoos of the Plaintiff and Members of the Class when those tattoos were clearly not gang related, and were located in the private areas of a woman's body. This is especially true for detainees who were not provided with a reasonable opportunity to post bail or contest their detention during arraignment.

50. Defendant Franklin County is responsible for establishing the policies and procedures to be utilized in the Workhouse and Correctional Center, and is responsible

for the implementation of the strip search policies questioned in this lawsuit. As such, Franklin County is responsible for the damages of the Plaintiff and Members of the Class.

51. This conduct on the part of the Defendant represents a violation of 42 U.S.C. § 1983, given that its actions were taken under color of state law.

52. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the members of the Class have been irreparably injured.

### THIRD CAUSE OF ACTION
-- **Demand for Declaratory Judgment** --

53. Plaintiff incorporates by reference and realleges each and every allegation stated in the foregoing paragraphs.

54. The policies, customs and practices of the Defendant are clearly unconstitutional and violate the right to be free from unreasonable search and seizure, and also violate the right to privacy.

55. Plaintiff and Members of the Class request that this Court issue a declaratory judgment, and that it declare the strip search and photography policies of the Defendant to be unconstitutional and violative of the right to privacy.

### FOURTH CAUSE OF ACTION
-- **Demand for Preliminary and Permanent Injunction** --

56. Plaintiff incorporates by reference and realleges each and every allegation stated in the foregoing paragraphs.

57. The policies, custom and practice of the Defendant are clearly unconstitutional and violate the right to privacy and the right to be free from

unreasonable searches and seizures. In short, both their strip search and photography policies are unconstitutional

58. Demand for deletion of all photos taken of class members' tattoos.

59. Upon information and belief, these policies, practices and customs are currently in place at the Workhouse and the Correctional Center, with new and/or prospective Members of the Class being subjected to the harms that have already been inflicted upon the Plaintiff.

60. The continuing pattern of strip searching and photographing female detainees charged with minor crimes will cause irreparable harm to the new and/or prospective members of the Class, an adequate remedy for which does not exist at law.

61. Plaintiff demands that Franklin County immediately desist from strip searching and photographing female detainees charged with minor crimes who are admitted to the Workhouse and/or the Correctional Center, and seek both a preliminary and permanent injunction from this Court ordering as much. The Plaintiff also seeks an injunction ordering the deletion of all photographs of tattoos taken from the bodies of female detainees at the Workhouse and the Correctional Center.

## DEMAND FOR TRIAL BY JURY

62. The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe, on behalf of herself and on behalf of others similarly situated, request that this Honorable Court grant them the following relief:

1. An order certifying this action as a Class Action pursuant to Fed. R. Civ. P. 23.

2. A judgment against Defendant Franklin County on Plaintiff's First and Second Causes of Action detailed herein, awarding compensatory damages to Plaintiff and each Member of the Proposed Class in an amount to be determined by a jury and/or the Court on both an individual and a Class-wide basis.

3. A declaratory judgment against the Defendant declaring the Defendant's policies, practices and customs to be unconstitutional, violative of the right to privacy and otherwise improper.

4. A preliminary and permanent injunction enjoining the Defendant from continuing to enforce its unconstitutional policies, customs and practices.

5. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

Respectfully submitted by:

Dated: May 22, 2013

/s Andrew Baker

_____
Andrew Baker, Esquire
Member of the Bar, USDC, S.D. Ohio
**THE BAKER LAW GROUP**
50 West Broad Street
Suite 1814
Columbus, OH 43215
Telephone: 614.228.1882
Telecopier: 614.228.1862
Email: andrew.baker@bakerlawgroup.net

Elmer Robert Keach, III, Esquire
**LAW OFFICES OF ELMER ROBERT KEACH, III, P.C.**
1040 Riverfront Center
Post Office Box 70
Amsterdam, NY 12010
Telephone: (518) 434-1718
Facsimile: (518) 770-1558
Email: bobkeach@keachlawfirm.com

Gary E. Mason, Esquire
Nicholas A. Migliaccio, Esquire
**WHITFIELD BRYSON & MASON**
1625 Massachusetts Avenue, NW, Suite 605
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
Email: nmigliaccio@wbmllp.com

D. Aaron Rihn, Esquire
**ROBERT PEIRCE & ASSOCIATES, P.C.**
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Telephone: (412) 281-7229
Facsimile: (412) 281-4229
Email: arihn@peircelaw.com

*Attorneys for Plaintiffs and the Proposed Class*