IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jane Doe, both individually and on behalf of a class of others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13 CV 503 |
| v. | : | Judge Frost |
| Franklin County, Ohio, | : | Magistrate Abel |
| Defendant. | : | |

<u>OBJECTION OF DEFENDANT FRANKLIN COUNTY, OHIO TO THE DECISION
OF THE MAGISTRATE JUDGE (DOC. 8), FILED JULY 26, 2013, GRANTING
PLAINTIFF LEAVE TO FILE HER COMPLAINT ANONYMOUSLY
AND UNDER SEAL</u>

Defendant Franklin County hereby objects to the decision of the Magistrate Judge

granting anonymity to Plaintiff.  A Memorandum in Support is attached and hereby

incorporated by reference.

Respectfully submitted,

RON O'BRIEN
PROSECUTING ATTORNEY
FRANKLIN COUNTY, OHIO

/s/ Mary Jane Martin
Scott O. Sheets 0076837
ssheets@franklincountyohio.gov
Trial Attorney
Mary Jane Martin 0065983
mjmartin@franklincountyohio.gov
Sean T. McCullough 0088776
stmccull@franklincountyohio.gov
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
(614) 525-3520

(614) 525-6012 FAX
Attorneys for Defendant Franklin County

<u>MEMORANDUM IN SUPPORT</u>

On July 24, 2013, Plaintiff Jane Doe moved this Court to allow her to proceed anonymously and with her identity under seal in her complaint against Franklin County, Ohio.  (ECF Doc. 5)  On July 26, 2013, the Magistrate Judge granted Plaintiff's motion. (ECF Doc. 8)  Plaintiff's sole basis in support of her motion is that because she is homosexual, disclosure of her sexual orientation would subject her to public ridicule. (Plaintiff's Motion, ECF Doc. 5, PAGEID ##1-2)  There is, however, no blanket protection granted to plaintiffs to proceed anonymously merely because of sexual orientation.

Plaintiff posits that her homosexuality alone is a proper basis for this Court to allow her to proceed anonymously and cites a number of cases that discussed homosexuality as support.  However, none of them supports Plaintiff's position.  The sole reason Plaintiff asks the Court to proceed anonymously is to avoid ridicule.  Ridicule alone is insufficient to overcome the "'long-established legal tradition' of open access to court documents" and the "'presumptive right' of public access to court records." *John Does 1-114 v. Shalushi, et al.,* No. 10-11837 (E.D. Mich., July 30, 2010), 2010 U.S. Dist. LEXIS 77331(internal citations omitted).  "'Sealing court records. . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records.'" *Id.*  Proceeding pseudonymously is the exception rather than the rule.  *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, (6th Cir., Jan. 3, 2005), 123 F. Appx 630, 636 (6th Cir. 2005); *Doe v. Warren County*, No. 1:12-cv-789 (S.D. Ohio, February 25, 2013), 2013 U.S. Dist. LEXIS 25423.  "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a

departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

In order "to proceed anonymously for fear of retaliation and harassment a 'plaintiff must demonstrate that . . . retaliation is not merely hypothetical but based in some real-word evidence; a simple fear is insufficient. . . . A plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability.' " *Salushi, supra.* See also, *Doe v. Hallock*, No. J87-0353(L), (December 8, 1987), 119 F.R.D. 640 (S.D. Miss. 1987) (anonymity not warranted in sexual discrimination and harassment suit where no privacy interest beyond personal embarrassment identified).

Regardless, Plaintiff has not specifically identified how she would be embarrassed or humiliated by the facts in the lawsuit that she has initiated.  Further complicating this matter is the fact that Plaintiff had the files pertaining to her arrest and confinement sealed under Ohio law.  Defendant currently has no access to any of Plaintiff's information other than making inquiry of Plaintiff, including whether she made statements or engaged in conduct that would refute her protestations that she would be subject to ridicule; emphemeral, conjectural, or otherwise.  The sole information provided by Plaintiff to Defendant indicates that when Plaintiff was arrested at a public bar, she told the police that "I don't need the police assistance for being gay."  That statement alone indicates that Plaintiff has no hesitancy in revealing her sexual orientation to complete strangers.

The Sixth Circuit set forth factors to consider when analyzing whether anonymity should be granted.  *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). They include: (1)

whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id. (*citing *Doe v. Stegall,* 653 F.2d 180, 185-186 (5th Cir. 1981)).

While Plaintiff is clearly challenging governmental activity, that alone is insufficient to cloak her with anonymity. The only other factor germane to Plaintiff in the least is whether prosecution of the suit would compel Plaintiff to disclose information of the utmost intimacy. Plaintiff's argument thus must stand or fall on whether disclosure of her sexual preference alone is sufficient grounds for anonymity because of a nebulous fear of ridicule.

The cases Plaintiff cites do not support her assertion that anonymity is warranted; rather, they strongly refute the notion that ridicule is sufficient to justify anonymous prosecution of a claim. Plaintiff's reliance on *Doe v. U.S. Air Force*, 812 F.2d 738 (D.C. Cir. 1987) is completely unavailing. *U.S. Air Force* predates the standard set forth in *Doe v. Porter*, *supra*. *U.S. Air Force* involved a homosexual plaintiff serving in the Air Force at a time when homosexuality was prohibited in the U.S. Air Force. Homosexual service members were subject to discharge at the time. The plaintiff was allowed to proceed anonymously because of the consequences then existing. No such consequences are present here. Ridicule cannot seriously be placed on the same level as discharge from military service and the loss of one's livelihood.

Further, in *IO Group, Inc. v. Does 1-19*, No. C 10–03851 SI (N.D. Cal., Mar. 1, 2011), 2010 U.S. Dist. LEXIS 133717, the individual seeking anonymous designation

had not yet been made a party to the suit and faced no objection from the adverse party. The plaintiff in the case alleged that the defendants illegally copied and shared gay pornography owned and produced by the plaintiff. The party seeking anonymous designation suggested that some other individual utilized his IP address to infringe plaintiff's work. The Court cited no standard in "[granting] in limited part Subscriber's motion to be allowed to proceed anonymously." *Id.* at *2. There are simply no similarities between *IO Group* and this case. Apart from opposition to the request, the individual seeking to proceed anonymously was not yet a party and at least asserted that he/she was not responsible. Here, the party seeking to proceed in anonymity is Plaintiff herself; she cannot claim any non-association with the facts or claims alleged in this case. Keeping oneself from being associated with the theft and distribution of gay pornography, the core issue of *IO Group*¸ is not the same as simply not wanting to reveal the details of one's personal life. Plaintiff's alleged homosexuality has nothing to do with the claims in this case.

Finally, *Doe v. United Servs. Life. Ins. Co.,* No. 88 Civ. 5630 (RWS)(December 14, 1988), 123 F.R.D. 437 (S.D. NY 1988) involved a plaintiff who claimed to be heterosexual but filed suit alleging discrimination due to perceived homosexuality. The claims involved in the case were directly related to homosexuality. In this 25 year old case, the Court specifically noted, "[c]oncern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the Acquired Immunodeficiency Syndrome ("AIDS") crisis." Clearly, times have changed and these same concerns are not nearly as prevalent. Further, the plaintiff in this case is a homosexual who seeks to proceed anonymously not to avoid the stigma resulting from

"widespread public fear" but to avoid ridicule.  Such a minor concern does not justify anonymous prosecution.

For the foregoing reasons, Defendant Franklin County requests this Court reconsider the Magistrate Judge's Order and require Plaintiff to prosecute her complaint with her true identity.

Respectfully submitted,

RON O'BRIEN
PROSECUTING ATTORNEY
FRANKLIN COUNTY, OHIO

/s/ Mary Jane Martin
Scott O. Sheets 0076837
ssheets@franklincountyohio.gov
Trial Attorney
Mary Jane Martin 0065983
mjmartin@franklincountyohio.gov
Sean T. McCullough 0088776
stmccull@franklincountyohio.gov
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
(614) 525-3520
(614) 525-6012 FAX
Attorneys for Defendant Franklin County

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that notice of this filing will be served on counsel of record through the Court's electronic filing system this 9th day of August, 2013.


/s/  Mary Jane Martin
Mary Jane Martin 0065983
Assistant Prosecuting Attorney