IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANE DOE, both individually and on behalf of a class of others similarly situated,**

    **Plaintiff,**

v.

**FRANKLIN COUNTY, OHIO,**

    **Defendant.**

Case No. 2:13-cv-00503
Judge Gregory L. Frost
Magistrate Judge Abel

## OPINION AND ORDER

On July 26, 2013, the Magistrate Judge granted the motion of Plaintiff Jane Doe to file this case as an anonymous Plaintiff and to file her identity under seal. (ECF No. 8.) This matter is now before the Court on the objection of Defendant Franklin County, Ohio, to the Magistrate Judge's decision. (ECF No. 13.) Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Eastern Division Order No. 91-3, pt. F, 5, Defendant moves for reconsideration of the Magistrate Judge's order and asks the Court to require Plaintiff to prosecute her complaint with her true identity. Finding Defendant's arguments well taken, the Court **GRANTS** Defendant's motion for reconsideration and **ORDERS** Plaintiff to file an amended complaint under her true identity.

### I.

Plaintiff's Complaint in this action alleges civil rights violations arising out of a strip search performed on her while she was detained at the Franklin County Workhouse following her arrest on a disorderly conduct charge. (Compl. ¶ 34, ECF No. 2 at PageID# 18.) Several hours after being strip searched, Plaintiff alleges that she was taken to a room in the Franklin

County Workhouse, where she was asked if she had any tattoos.  (*Id.* at ¶ 35.)  When Plaintiff responded affirmatively, she was required to expose her tattoos to be photographed by two corrections officers (one male and one female).  (*Id.*)  Plaintiff alleges that she "had two tattoos on her mons pubis, including one approximately ½ inch from her clitoral hood, as well as several tattoos on other parts of her body."  (*Id.*)  The tattoos included a female symbol, a phrase in Italian, a poem, the words "beautiful disaster," the words "living to die, dying to live," a rainbow, and a flower.  (*Id.*)   In order to have these tattoos photographed, Plaintiff was required to remove her clothes, including her pants and underwear.  (*Id.*)

Two months after filing the Complaint in this action, Plaintiff filed a motion for leave to file this case anonymously and for leave to file her identity under seal.  (ECF No. 5.)  In the motion, Plaintiff asserted that several of her tattoos reflect her sexual orientation and the public disclosure of her sexual orientation, as well as the placement of the tattoos near and/or on her genitals, would expose her to public ridicule if she were not allowed to proceed anonymously.  (*Id.* at ¶ 2, PageID# 28-29.)  Plaintiff relied heavily on cases in which courts permitted individuals to litigate anonymously where their sexual orientation would otherwise be revealed.  (*Id.* at ¶ 4, PageID# 29.)  Two days after Plaintiff filed her motion and before Defendant could respond, the Magistrate Judge summarily granted Plaintiff's motion, allowing her to proceed anonymously in this action.  (ECF No. 8.)

Defendant filed a timely motion for reconsideration of the Magistrate Judge's order (styling its filing as an "objection" to the Magistrate Judge's decision).  (ECF No. 13.)  Plaintiff did not respond to Defendant's objection.

**II.**

Defendant asks this Court to reconsider the Magistrate Judge's order allowing Plaintiff to proceed under the pseudonym "Jane Doe" in this case. In considering whether to grant leave for a plaintiff to conceal his or real name, the Court is mindful that Fed. R. Civ. P. 10(a) requires that the complaint state the names of all parties. Thus, "we start from the premise that proceeding pseudonymously is the exception rather than the rule." *Doe v. Warren Cty.*, No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, at *5 (S.D. Ohio Feb. 25, 2013). Notwithstanding that premise, the Court has discretion to allow a plaintiff to proceed under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). A plaintiff may do so, however, only if he or she shows that "the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties." *Doe v. Warren Cty.*, at *5 (citing *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

To determine whether it is appropriate to allow a Plaintiff to proceed under a pseudonym, a court may consider, among other factors, (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity, (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy, (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution, and (4) whether the plaintiffs are children. *Id.* at 560 (internal quotes omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

To be sure, the first factor is present in this case, as Plaintiff is challenging government activity. But Plaintiff's motion did not rely upon the significance of that factor. Rather, Plaintiff focused on the only other factor potentially applicable—the possibility that this suit would

3

compel Plaintiff to "disclose information of the utmost intimacy."  On this point, Plaintiff's primary (if not sole) emphasis was on the fact of her homosexuality.  According to Plaintiff, she could be vulnerable to "harassment and ridicule" if her identity, and therefore her homosexuality, were revealed.  This is particularly true, argued Plaintiff, in light of the placement of her tattoos "near and/or on her genitals."  (ECF No. 5 at PageID# 29.)

In asking this Court for reconsideration of the Magistrate Judge's Order, Defendant argues that Plaintiff has not made as sufficient showing of her need for anonymity.  Defendant argues that Plaintiff has not specifically identified how she would be embarrassed or humiliated by the facts of the lawsuit she herself has initiated.  Plaintiff's generalized statement that she may face humiliation and ridicule, argues Defendant, is insufficient to outweigh the presumption of public access to court records, including the names of litigants.  *See John Does 1-114 v. Shalushi*, No. 10-11837, 2010 U.S. Dist. LEXIS 77331, at *8 (E.D. Mich. July 30, 2010) (finding that would-be anonymous plaintiffs' fear of "retaliation" had to be based on "real-world evidence" and not "merely hypothetical").

Based on the record before it, the Court agrees with Defendant.  Plaintiff has failed to support her fear of "harassment and ridicule" with any real-world evidence that would justify allowing her to remain anonymous in her prosecution of this action.  Plaintiff's motion relied merely on the generalized notion that she would be exposed to public ridicule or harassment if it became known that she is a homosexual.

While it is true that Plaintiff has cited three cases in support of the proposition that "courts have permitted individuals to litigate anonymously in cases where a contrary ruling would reveal a party's sexual orientation" (ECF No. 5 at PageID# 29), each of the cases is distinguishable.  In *IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909 (N.D.

4

Cal. Mar. 1, 2011), the individual seeking to proceed anonymously had not yet been made a party to the lawsuit, which accused him and other defendants of illegally copying and sharing on a peer-to-peer network gay pornography owned and produced by the plaintiff.  The district court granted in limited part the defendant's motion to proceed anonymously amid the real possibility that "someone else used his IP address to infringe plaintiff's work." *Id.* at *1.  Thus, the *IO Group* court did not allow the litigant to proceed anonymously purely because of the possibility that the litigant's sexual orientation would be revealed.  Rather, it appears that the court was persuaded by the concern that the anonymous defendant, if identified, would be connected with the illegal sharing of gay pornography before it was determined that it was actually someone else who had used the defendant's IP address.

Plaintiff's reliance on *Doe v. U.S. Air Force*, 812 F.2d 738, 739 n.1 (D.C. Cir. 1987), is also misplaced, as that case is readily distinguishable.  There, the plaintiff's concern was with Air Force regulations, which at that time deemed homosexuality to be "incompatible with military service." *Id.*  Thus, under the military regulations of the day, the plaintiff faced consequences if his identity and sexual orientation were revealed.  Plaintiff in this case cites no similar consequences of being identified as homosexual.

Finally, Plaintiff's motion cited *Doe v. United Servs. Life Ins. Co.*, 132 F.R.D. 437 (S.D.N.Y. 1988) as support for proceeding anonymously. In that case, the court allowed a plaintiff to proceed anonymously rather than risk being publicly identified as a gay man when he was, in fact, heterosexual. *Id.* at 439.  The lawsuit dealt with the plaintiff's challenge to the practices of a life insurance company that allegedly required a more rigorous application process for persons who "fit a homosexual profile." *Id.* at 438.  The court specifically cited that the "[c]oncern to avoid public identification as a homosexual is heightened in light of the widespread

5

public fear engendered by the Acquired Immunodeficiency Syndrome ('AIDS') crisis." *Id.* at 439.

The Court is not convinced that the reasoning from *Doe v. United Servs. Life Ins.* has the same vitality today that it did 25 years ago. The court there was concerned with the social stigma attached to homosexuality in a case where (1) the health ramifications of a homosexual lifestyle were at issue and (2) the plaintiff would have been identified as a homosexual when he was not. The case has little applicability under the circumstances presented here. In this case, Plaintiff has not identified any real-world evidence that she would be subjected to significant social stigma or public ridicule if she were required to prosecute this case under her real name and identified as a homosexual.

### III.

Proceeding anonymously is the exception, not the rule. Plaintiff has offered merely a generalized and unspecific fear of ridicule as a reason to proceed anonymously. This is not enough, however, to rebut the general rule that parties to litigation should proceed under their real names. *See* Fed. R. Civ. P. 10(a). Accordingly, the Court **SUSTAINS** Defendant's objection (ECF No. 13) to the Magistrate Judge's Order granting leave for Plaintiff to proceed anonymously. The Court hereby **GRANTS** Defendant's motion for reconsideration and **ORDERS** Plaintiff to file an amended complaint in compliance with Fed. R. Civ. P. 10(a) within ten days of the date of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE