IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kristen McDonald, both individually and on behalf of a class of others similarly situated, : | |
| : | Civil Action 2:13-cv-0503 |
| Plaintiff : | Judge Frost |
| v. : | Magistrate Judge Abel |
| Franklin County, Ohio, : | |
| Defendant : | |

**ORDER**

This matter is before the Magistrate Judge on plaintiff Kristen McDonald's September 30, 2014 motion for leave to file an second amended complaint (doc. 54).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is

>within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

Defendant argues that plaintiff unreasonably delayed in filing her motion for leave to file a second amended complaint and that the motion should be denied because plaintiff cannot demonstrate good cause for filing the motion well after the January 3, 2014 deadline for amending the pleadings.

The parties' October 23, 2014 Rule 26(f) Report of Parties, p. 2, Item 5 recommended that the court establish a January 1, 2014 deadline for motions for leave to amend the pleadings. (Doc. 23, PageID 108.) The October 28, 2013 Scheduling Order required motions for leave to amend the pleadings to be filed on or before January 3, 2014. (Doc. 24, PageID 111.) No motion for leave to file a second amended complaint was filed by that date. On May 20, 2014, counsel participated in a telephone conference with the Magistrate Judge to set a deadline for plaintiff's motion to certify a class. Counsel indicated that Rule 30(b)(6) depositions were scheduled for May 29. They agreed to schedule Ms. McDonald's deposition and the identification technicians' depositions to take place while plaintiff's counsel was in Columbus for a June 2014 Settlement Week mediation. Counsel indicated that no other depositions would be taken before plaintiff filed her motion to certify a class on July 1. Plaintiff did not request any amendment to deadline for amending the pleadings. (May 20, 2014 Scheduling Order, Doc. 30, PageID 131.) The motion to amend was not filed until September 30. Defendant filed a motion for summary judgment on November 14, 2014.

2

(Doc. 69.)

Although Rule 15(a), Fed. R. Civ. P., provides the standard for granting leave to amend a pleading, Rule 16(b)(3)(A) requires the court to issue a scheduling order that limits the time to file a motion to amend the pleadings. That scheduling order may be modified "only for good cause shown." Rule 16(b)(4), Fed. R. Civ. P.

When a motion to amend is filed after the deadline set by the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4):

> Ordinarily, a district court "should freely give leave [to amend the pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). However, when a plaintiff moves to amend the complaint after the deadline established by a scheduling order, the " 'plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend' and the district court must evaluate prejudice to the nonmoving party before 'a court will [even] consider whether amendment is proper under Rule 15(a).' " *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed.Appx. 369, 376 (6th Cir.2009) (quoting Leary, 349 F.3d at 909); *see also* Fed.R.Civ.P. 16( b)( 4) ("A schedule may be modified only for good cause and with the judge's consent."). In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment. *Leary* [*v. Daeschner*, 349 F.3d 888, 906 (6th Cir.2003)].

*Ross v. American Red Cross*, 567 Fed. Appx. 296, 306-07 (6th Cir. January 27, 2014). *Accord*, *Jules v. Police Department. Village of Obetz*, 2013 WL 526441, *2 (S.D. Ohio February 11, 2013)(Deavers, MJ).

Plaintiff's brief argues that the proposed second amended complaint "addresses facts established in discovery, modifies the allegations of the complaint to address those facts, and modifies the class definition accordingly." (September 30, 2014 Brief, p. 2, Doc.

3

54-4, PageID 1670.) Defendant responded that the deposition testimony of Beth Owens that plaintiff relies on as a basis for the leave to amend was taken May 29, 2014. (See, Doc. 40.) Plaintiff does also mention the deposition of technician Michael Cunningham. His deposition was taken June 24, 2014. (Doc. 44.) Defendant argues that delaying filing the motion to amend more than three months after those depositions demonstrates that there is not good cause for the court to extend the January 3 deadline for amending the pleadings. Plaintiff did not file a reply brief supporting the motion to amend. So I assume that plaintiff concedes that the motion to amend is not timely.

Accordingly, plaintiff's September 30, 2014 motion for leave to file a second amended complaint (doc. 54) is **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge
