IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KRISTEN MCDONALD,

    Plaintiff,                                Case No. 2:13-cv-503
                                           JUDGE GREGORY L. FROST
v.                                        Magistrate Judge Terence P. Kemp

FRANKLIN COUNTY, OHIO.

    Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of the parties' briefs on the issue of whether the Court should unseal records of approximately 74 individuals to determine whether any of those individuals are potential plaintiffs in this class action litigation. (ECF Nos. 124 & 126).  For the reasons that follow, the Court declines to unseal the records at issue.

    **I.    BACKGROUND**

This lawsuit involves a class of female, misdemeanant detainees at the Franklin County Corrections Center ("FCCC") who had tattoos in private areas at the time of their detention.  Plaintiff alleges that FCCC took photographs of these detainees' tattoos in violation of their constitutional rights.

Defendant has provided records of all such detainees whose records are unsealed. Plaintiff has prepared class notices to be mailed directly to these detainees.  Plaintiff also intends to publish notice of this lawsuit in the Columbus Dispatch, a newspaper in general circulation in Franklin County, Ohio, in order in order to alert all potential class members of their rights.

Defendant asserts that there exist approximately 74 females who were detained at FCCC whose records have been sealed.  There is no way to determine, without unsealing these records, whether these individuals are misdemeanants who had photographs taken of tattoos in private areas during the time period in question.  The issue for the Court is whether it should unseal these records in order to determine whether any of these individuals fall within the class definition such that they should receive individual notice of this lawsuit.

Defendant argues that the individuals in question took affirmative steps to seal their criminal records.  Defendant details the process through which eligible offenders must go in order to have their records sealed.  Defendant adds that the relevant statute allows a person whose record has been sealed to respond to questions as if the arrest had never occurred.  Essentially, Defendant argues, the relevant statute provides a process by which the individual can elect to have the arrest and related proceedings erased from his or her record.  Defendant concludes that both the parties and the Court should respect that process.

Plaintiff concedes that the privacy concerns underlying the expungement statutes present a legitimate concern in this case.  Plaintiff argues, however, that the Federal Rules of Civil Procedure require the best notice that is practicable under the circumstances, which requires individual notice to all members who can be identified through reasonable effort.  Plaintiff asserts that Defendant can and should identify the potential class members by reviewing the sealed records in this case in order to allow Plaintiff to notify those individuals directly about this lawsuit.  Plaintiff proposes that Defendant review the 74 records in question, that the Court identify the individuals who

meet the class definition from those records, and that Plaintiff contact these individuals directly via telephone in order to minimize the chance that the information is revealed to third parties.

## II. ANALYSIS

### A. Motion for Extension

The Court first addresses Plaintiff's motion for extension of time in which to file the brief that is currently before the Court. Plaintiff asserts that various deadlines in other lawsuits in which her counsel is involved prevented her from meeting the Court's deadline. Although the press of business is not good cause to modify a case schedule, the Court nevertheless **GRANTS** the motion. (ECF No. 125.)

### B. Sealed Records Issue

The issue before the Court involves the intersection between Ohio's statute regarding sealed records and the Federal Rules of Civil Procedure's notice requirements for class actions. The relevant statutory provisions are Ohio Revised Code § 2953.31 through § 2953.36 and § 2953.51 through § 2953.61. Pursuant to § 2953.32, eligible offenders who were convicted of the charged crime must apply to the sentencing court after a specified time period has passed (one year for misdemeanors and three years for felonies) to have his or her record sealed. The applicant also must pay a fee. Ohio Rev. Code § 2953.32(C)(3). The sentencing court must then determine whether certain requirements have been satisfied (such as "whether the applicant has been rehabilitated to the satisfaction of the court"), consider the prosecutor's objections (if any), and weigh the competing interests between the applicant and government. *Id*. § 2953.32(C)(1)(c). If, after this process is completed, the court determines that the applicant's record should be

3

sealed, "[t]he proceedings in the case that pertain to the conviction . . . shall be considered not to have occurred and the conviction . . . shall be sealed . . . ." *Id.* § 2953.32(C)(2).

Once the records are sealed, the statute specifies the persons who may review the sealed records and the purposes for which those records may be reviewed. *See id.* § 2953.32(D). The person who is the subject of the records, for example, may apply to the court to inspect the sealed records. *Id.* § 2953.32(D)(3). Parole and probation officers also may inspect the records under certain circumstances. *Id.* § 2953.32(D)(2). Plaintiff does not contend that the circumstances of this case meet any of the listed categories set forth in § 2953.32(D).

The process is similar, though slightly less stringent, for applicants who were not convicted of the charged crime. *See id.* § 2953.52. The court in such cases must weigh the applicant's request to have his or her record sealed with the government's legitimate need, if any, to maintain those records. If the court determines that the applicant meets the requirements of § 2953.52(A)(1), and that sealing is proper pursuant to § 2953.52(B)(2), then the court shall issue an order directing that the individual's records be sealed. If certain prerequisites are met, then the court shall direct that "the proceedings in the case be deemed not to have occurred," subject to limited exceptions. *Id.* § 2953.52(B)(4). Plaintiff does not contend that any of these limited exceptions apply to the facts of this case.

It is unlawful for any officer or employee of the state, or a political subdivision of the state, to release or otherwise disseminate or make available an individual's sealed records. *Id.* §§ 2953.35(A)(2); 2954(B). Doing so is a fourth degree misdemeanor. *Id.*

Although there are limited exceptions to this rule, Plaintiff does not mention these exceptions or otherwise suggest that they apply to the facts of this case.

The sole legal basis for Plaintiff's position is Federal Rule of Civil Procedure 23(c)(2)(B) and case law interpreting the same. That Rule states: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Plaintiff adds that notice by publication is, itself, insufficient to satisfy Rule 23(c)(2)(B) "where the name and addresses of the class members are reasonably available." (ECF No. 126, at PAGEID # 3130.) Plaintiff does not substantively address the issue of "reasonably available" or otherwise explain why the sealed records are "reasonably available" in this case.

Plaintiff's arguments are not well taken. Due to the involved nature of the process set forth above, the Court cannot conclude that the sealed records at issue are "reasonably available" or that Defendant can identify potential class members using "reasonable effort." The statute makes clear that sealed records are not reasonably available and may be inspected only in specific limited instances, none of which Plaintiff invokes in this case. The statute is so clear, in fact, that it criminalizes the act of making sealed records available. There can be little doubt that Ohio's legislature intended for sealed records to remain sealed unless certain limited exceptions are satisfied.

Moreover, the individuals who elected to have their records sealed did so knowing that the proceedings against them would be treated as if they never occurred. Implicitly, therefore, these individuals decided that the benefit of sealing their records

5

outweighs any potential benefit that could later arise from their records being public.  The Court sees no compelling reason to substitute its own judgment for that of the individual whose privacy interests are at stake.

That is especially true given that potential class members who had their records sealed will have the opportunity to unseal their records and join this lawsuit if they so desire.  Publication in the Columbus Dispatch constitutes reasonable notice under the circumstances to these potential class members.  Such notice adequately balances the purposes underlying the relevant Ohio statutory provisions and Federal Rule of Civil Procedure 23.

### III.    CONCLUSION

For the foregoing reasons, the Court declines to unseal the records of approximately 74 individuals who might be plaintiffs in this class action litigation.  Plaintiff's request that the Court issue such an order is **DENIED**.

**IT IS SO ORDERED**.

>   **/s/ Gregory L. Frost**
>   **GREGORY L. FROST**
>   **UNITED STATES DISTRICT JUDGE**