UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | : |  |
| KRISTEN McDONALD, both individually | : | No: 2:13-CV-0503 |
| and on behalf of a Certified Class of Other | : |  |
| Similarly Situated Plaintiff, | : | Judge Watson |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| FRANKLIN COUNTY, OHIO, | : |  |
|  | : |  |
| Defendant. | : |  |
| _____ | : |  |

## SETTLEMENT AGREEMENT

Plaintiff Kristen McDonald ("Named Plaintiff") (individually and on behalf of herself and the members of the class certified in this action (hereinafter "Plaintiffs")), and Defendant Franklin County, Ohio (hereinafter "Defendant") (collectively the "Parties"), by and through their respective counsel, hereby enter into this Settlement Agreement ("Settlement Agreement").

## I. RECITALS

1.      Named Plaintiff and the members of the certified class are former misdemeanant detainees that were slated, photographed and processed following their arrest while in the custody of the Franklin County Sheriff's Office at the Franklin County Corrections Center II ("FCCCII") facility in Franklin County, Ohio. Named plaintiff initiated this action on May 23, 2013, in the United States District Court for the Southern District of Ohio (the "Lawsuit") alleging, on behalf of herself and others similarly situated, constitutional violations that occurred at the FCCCII from May 23, 2011, to April 31, 2014.

2.      Plaintiffs' claims arose from the Franklin County Sheriff's Office's ("FCSO") policy of photographing all tattoos, even those in private areas, and maintaining an electronic record of those photographs.

3.      Plaintiffs asserted causes of action alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, as well as claims for declaratory judgment and injunctive relief. The Lawsuit also sought recovery of attorney's fees and costs, pursuant to 42 U.S.C. §1988 and Fed. Civ. R. 23.4. On April 14, 2015, the Court issued an Order granting Plaintiff's Motion for Class Certification related to their Photography Class ("Class") claims. The certified Class approved by the Court is defined as follows:

> "All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees." (ECF No. 92)

4.      Following the Court's denial of Plaintiffs' and Defendant's Motions for Summary Judgment relating to the certified Class claims, the Parties entered into an arms-length mediation process with the assistance of mediator Frank A. Ray, Esq., and reached a proposed Settlement of the Lawsuit subject to the approval of the Franklin County Board of Commissioners ("Board"), and thereafter this Court.

5.       By entering into this Settlement, Defendant denies any wrongdoing or liability of any kind to the Named Plaintiff and members of the Class)and does not concede any infirmity in the defenses it has asserted or could present during these proceedings or any potential future appeal.

6.       By entering into this Settlement, Plaintiffs and Class Counsel recognize the costs and risks of prosecuting this Litigation, and believe that it is in their interest, and the interest of all Class Members, to resolve this Litigation, and any and all claims against Defendant, as well as any and all employees of Defendant who may have devised, promulgated or enforced the policy or participated in the conduct that is the subject of this Settlement Agreement.

7.       In the interest of avoiding further expense, delay and inconvenience of further litigation and appeal of issues raised in this Lawsuit, in resolution of all pending and potential claims of Named Plaintiff and all members of the Class and without any admission of liability by Defendant, and in reliance upon the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Settlement Agreement, and for good and valuable consideration, Plaintiffs and Defendant, through their undersigned counsel, enter into this Settlement Agreement, subject to the approval of the Board and this Court.

8.       This Settlement Agreement provides for the dismissal of the Lawsuit with prejudice and a full and complete waiver of liability and release of all claims and causes of action, whether known or unknown, arising from and/or relating to the allegations, claims and causes of action asserted in the Lawsuit in exchange for payment of Two Million Five Hundred Thousand Dollars ($2,500,000.00) ("Settlement Fund"), with payment to be made in one lump sum. All fees, costs, attorneys' fees, litigation expenses, and administration expenses, including the employment of private investigators, will be deducted from the Settlement Fund.

9. The remainder of the Class Fund will be distributed to members of the Class, identified and approved by this Court and the Parties, who timely file claims, subject to the requirements established by this Settlement Agreement and/or Settlement Administrator for a *pro rata* distribution and recovery. Any unclaimed funds will be redistributed to the members of the Class. No unclaimed funds are to be returned to Defendant and no *cy pres* distributions have been agreed upon by the Parties and/or to be paid.

10. The parties have engaged in substantial adversarial settlement negotiations prior to reaching this Settlement Agreement, including participating in two full day mediation sessions with Attorney Frank Ray, in addition to informal discussions, which led to this agreement, for which Court approval is sought,

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned as follows:

## II.    DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A. <u>Notice Period</u>. "Notice Period" shall mean the time period during which Class Members may object or opt-out of the settlement, extending from the Notice Date until the date 60 days thereafter, including weekends and holidays, provided that if the last day of the Notice Period falls on a weekend or Federal holiday, then the end of the Notice Period shall be the next following day that is not a weekend or Federal holiday.

B. <u>Class Counsel</u>. "Class Counsel" shall mean:  Andrew Baker, Esquire, Baker Law Group, Columbus, Ohio, Elmer Robert Keach, III, Law Offices of Elmer Robert Keach, III, P.C., Albany, New York, Nicholas A. Migliaccio, Esquire and Jason S. Rathod, Esquire,

Migliaccio & Rathod LLP, Washington, District of Columbia, and D. Aaron Rihn and Sara J. Watkins of Robert Pierce & Associates, P.C., Pittsburgh, Pennsylvania.

C. <u>Class List</u>. The names and last known residence addresses of the approximately 682 Class Members provided to Plaintiff's Counsel following approval by the Court and agreement of the Parties.

D. <u>Class Members</u>. The Class Members are the approximately 682 female misdemeanant detainees that had photographs taken of their genitals, hypogastric region, the lobes of their buttocks, and/or the lobes of their breasts while in custody at the FCCCII, from March 23, 2011, to April 31, 2014, that were identified and either included in the Class by order of the Court or by agreement of the Parties.

E. <u>Class Notice</u>. "Class Notice" shall mean the Court-approved form of notice in substantially the same form as Exhibit A attached hereto, or as otherwise approved by the Court, and such other summary notice to be published in accordance with the terms of the Settlement Agreement.

F. <u>Class Representative</u>: "Class Representative" shall mean Plaintiff Kristen McDonald.

G. <u>Class Settlement</u>. "Class Settlement" shall mean the terms provided in this Settlement Agreement.

H. <u>Court</u>. "Court" shall mean the United States District Court for the Southern District of Ohio, The Honorable Judge Michael H. Watson presiding, or his duly appointed or designated successor.

I. <u>Defendant</u>. "Defendant" shall mean Franklin County, Ohio, and shall include all employees of Franklin County who may have devised, promulgated or enforced the policy or participated in the conduct that is the subject of this Settlement Agreement.

J. <u>Defendant's Counsel</u>. "Defendant's Counsel" shall mean Jeanine A. Hummer, Esquire, Amy L. Hiers, Esquire, Jesse W. Armstrong, Esquire, and John A. Zervas, Esquire, Franklin County Prosecutor's Office, Columbus, Ohio.

K. <u>Distribution Amount</u>. "Distribution Amount" shall mean the amount available from the Settlement Fund after payment of the costs of Class Notice and administration of the Settlement, attorneys' fees and expenses, and incentive award to the Class Representative.

L. <u>Effective Date</u>. "Effective Date" shall mean thirty days from the date on which the Settlement has been finally approved by the Court, and/or the date on which any appeals from final approval are resolved, whichever is later.

M. <u>Final Approval Hearing</u>. "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Judgment.

N. <u>Final Judgment</u>. "Final Judgment" shall mean that court order that finally certifies the Settlement Class, approves this Settlement Agreement, approves payment of attorneys' fees and expenses, and makes such other final rulings as are contemplated by this Settlement Agreement, in substantially the same form as Exhibit C.

O. <u>Litigation or Lawsuit</u>. "Litigation" or "Lawsuit" shall mean the above-captioned lawsuit pending in the United States District Court for the Southern District of Ohio as Case No. 2:13-CV-0503.

P. <u>Mediator</u>. The Mediator shall mean Frank A. Ray, Esquire.

Q. <u>Notice Program</u>. "Notice Program" shall mean the program for disseminating the Class Notice to the Settlement Class.

R. <u>Notice Date</u>. "Notice Date" shall mean the date upon which Class Notice is mailed to the known Settlement Class in accordance with the terms herein.

S. <u>Objection Date</u>. "Objection Date" shall mean 60 days after the Notice Date, or as otherwise ordered by the Court, by which the Settlement Class must submit any objection to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

T. <u>Opt-Out Deadline</u>. "Opt-Out Deadline" shall mean 60 days after the Notice Date, or as otherwise ordered by the Court, by which Settlement Class who do not wish to be included in the Settlement Class and participate in the Settlement must complete the acts necessary to properly effect such election to opt out.

U. <u>Opt-Out List</u>. "Opt-Out List" shall mean a written list prepared by the Settlement Administrator of the names of Settlement Class who submit timely Requests for Exclusion or Opt-Out Notices

V. <u>Opt-Out Notice</u>. "Opt-Out Notice" or "Opt-Out" shall mean a Request for Exclusion.

W. <u>Parties</u>. "Parties" shall mean the Plaintiff Kristen McDonald individually, the Class Members, and Defendant.

X. <u>Named Plaintiff</u>. "Named Plaintiff" shall mean Kristen McDonald.

Y. <u>Preliminary Approval Order</u>. "Preliminary Approval Order" shall mean the Order of the Court preliminarily approving this Settlement Agreement and conditionally certifying a provisional Settlement Class, in substantially the same form as Exhibit D.

Z. <u>Release</u>. "Release" shall mean the release described in Section X herein.

AA. <u>Released Claims</u>. "Released Claims" shall mean and include any and all claims or causes of action by or on behalf of the Named Plaintiff and any and all Settlement Class Members (and their predecessors, successors, heirs, administrators, executors, agents, trustees, representatives, and assigns) that are released by the Release described in Section X herein.

BB. <u>Released Parties</u>. "Released Parties" shall mean all persons or entities against whom Released Claims will be released pursuant to the Release described in Section X herein.

CC. <u>Request for Exclusion</u>. "Request for Exclusion" shall mean any request by anyone in the Settlement Class for exclusion from the Settlement Class in compliance with Section VIII herein.

DD. <u>Settlement</u>. "Settlement" shall mean the agreement by the Plaintiffs and Defendant to resolve the Litigation, the terms of which have been memorialized in this Settlement Agreement.

EE. <u>Settlement Administrator</u>. "Settlement Administrator" shall mean the qualified party selected by the Parties and designated in the Preliminary Approval Order to administer the Settlement, including implementing the Notice Program. Neither Plaintiffs nor Defendant shall have any responsibility or liability for any acts or omissions of the Settlement Administrator. The Parties have agreed to select RG/2 Claims Administration, LLC as the Settlement Administrator.

FF. <u>Settlement Agreement</u>. "Settlement Agreement" shall mean this Settlement Agreement, and all the exhibits attached hereto.

GG. <u>Settlement Class</u>. "Settlement Class" shall mean: "All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of

their genitals, hypogastric region, the lobes of their buttocks, and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011 and extends until April 30, 2014."

HH. <u>Settlement Class Members</u>. "Settlement Class Members" shall mean all persons in the Settlement Class who do not exclude themselves pursuant to Section VIII herein.

II. <u>Settlement Fund</u>. "Settlement Fund" means the qualified settlement fund this Settlement Agreement obligates Defendant to fund in the amount of Two Million and Five Hundred Thousand Dollars ($2,500,000.00), which is in the form of a non-reversionary common fund and will be established in accordance with 26 C.F.R. §§ 1.468B-1(c) and (e)(1).

**JJ.** <u>Settlement Amount</u>. "Settlement Amount" shall mean the amount of Two Million and Five Hundred Thousand Dollars ($2,500,000.00) to be paid by or on behalf of the Defendant.

**KK.** <u>Settlement Website</u>. "Settlement Website" means a website established by Class Counsel to provide information about the Settlement with a World Wide Web address of www. Jacksonpikesettlement.com

**LL.** . <u>Summary Notice</u>. "Summary Notice" shall mean a notice in substantially the same form as that which appears at Exhibit B.

### III. IDENTIFICATION OF CLASS MEMBERS

The Parties acknowledge and agree that there are approximately 682 Class Members.

### IV.    REQUIRED EVENTS

Promptly after execution of this Settlement Agreement by all Parties:

1.      Class Counsel and Defendant's Counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order and the Final Judgment in substantially the forms attached hereto as Exhibits D and C, respectively.

2.      The Parties to the Settlement Agreement shall jointly move by November 30, 2021 for entry of a Preliminary Approval Order in substantially the same form as Exhibit D, which by its terms shall:

      a.      Preliminarily approve the terms of the Settlement Agreement, including the certification of the Settlement Class for purposes of this Settlement Agreement only, as within the range of fair, reasonable and adequate Settlement for purposes of issuing notice;

      b.      Approve the contents of the Class Notice and methods in the Notice Plan;

      c.      Schedule a Final Approval Hearing to review comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the proposed Class Settlement and the application for an award of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment (in substantially the same form as Exhibit C) approving the Class Settlement, granting Class Counsel's application for fees and expenses, granting the incentive award application by the Class Representative, and dismissing the Litigation with prejudice.

3.      Class Counsel and Defendant's Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

4.      In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Judgment, Class Counsel and Defendant's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court; provided,

however, that in no event shall Defendant be required to agree to any such cure that would increase the cost or burden of the Settlement Agreement to the Defendant.

5. The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

6. Any disputes regarding the Parties' obligations under this paragraph shall be first submitted to the Court for a referral for mediation to mediator Frank A. Ray or other agreed upon mediator. If such dispute cannot be resolved via mediation, the Court shall decide such dispute. The Court's decision shall be final and binding.

### V. DISCLAIMER OF LIABILITY

1. The Parties acknowledge and agree that all undertakings and agreements contained in this Settlement Agreement have been agreed to solely for the purpose of finally compromising, settling and resolving all questions, disputes, claims and issues, whether known or unknown, between them relating to or arising from the allegations in the Lawsuit. This Settlement Agreement and any proceedings taken pursuant hereto shall not in any event be construed as, interpreted as, or deemed to be evidence of an admission or concession by either party for any purpose, or deemed to constitute a waiver of any legal position or any defenses or other rights which either of the Parties might otherwise assert in any context. Neither this Settlement Agreement nor any provision contained therein, nor any documents related hereto or attached hereto, nor any negotiations, statements or testimony taken in connection herewith may be offered

or received as evidence, or used for any other purpose, or in any suit, action or legal proceeding which either of them have or in the future may have with any other person, as an admission or concession of liability or wrongdoing on the part of either party, except in connection with any action or legal proceeding to enforce this Settlement Agreement.

2.      The Parties have reached this Settlement through arms-length negotiations and to avoid the costs and delays of further disputes, litigation, and negotiations among them, and after extensive negotiations with an independent mediator, subject to approval by the Board and the Court.

3.      This Settlement Agreement has been entered into without any concession of liability or nonliability whatsoever and has no precedential or evidentiary value whatsoever.

## VI.      SETTLEMENT TERMS

### A.  Settlement Fund

1.      Within fifteen (15) calendar days of the entry of the Preliminary Approval Order, or within 30 days of the Board approving the Settlement Agreement by resolution, whichever is later, Defendant shall pay the amount of Two Million and Five Hundred Thousand Dollars ($2,500,000.00), into the Settlement Fund established by the Settlement Administrator.

2.      All administrative expenses, including the costs of Settlement administration, website administration and the provision of notice to class members, as well as the amounts awarded by the Court for attorneys' fees and costs, and incentive award to the Class Representative, will be deducted from the Settlement Fund prior to determining the "Distribution Amount."

### B.  Distribution of Settlement Fund

1.       Class counsel will petition the Court for an incentive award for the Named Plaintiff Kristin in the amount of $50,000 for her willingness to step forward and file suit, and

otherwise commit time and effort as a Class Representative, including providing deposition testimony and other crucial information to support the prosecution of the litigation. This amount was determined to be appropriate only after an agreement had been reached on the award to the Class Members and other terms of this Agreement. In the event the incentive award is not finally approved by the Court, the rest of this Agreement shall remain in full force and effect subject to the approval of the Court. Named Plaintiff will not receive any payments other than the incentive award should such a payment be approved by the Court and exceed her expected settlement payment.

2.      This Settlement Agreement was arrived at after extensive arm's length negotiations conducted in good faith by counsel for the Parties. The Parties did not discuss or negotiate attorneys' fees until after relief had been fashioned for the Class. Class Counsel will petition the Court for an award of attorneys' fees equating to 33 $^{1/3}$% (one-third) of the entire Settlement Fund, or $833,333.33. Class Counsel will also petition the Court for an award of costs and expenses, which were reasonably incurred in the prosecution of this litigation.

3.      Defendant shall not oppose Class Counsel's application for said award of fees and costs, nor will it oppose any appeal filed by Class Counsel relative to their application for an award of attorneys' fees. The Parties acknowledge that Class Counsel spent a significant amount of time litigating this matter and would be entitled to fees should they file an application as representatives of a prevailing party under 42 U.S.C. § 1988 or Fed. R. Civ. Proc. Rule 23. In the event the attorneys' fees and costs are not finally approved by the Court, the rest of this Agreement shall remain in full force and effect subject to the approval of the Court.

4.      The remaining portion of the Settlement Fund will be distributed to Settlement Class Members on a *pro rata* basis. No Settlement Class Member shall be entitled to more than

his or her individual share of the Settlement Fund. Defendant will not unreasonably withhold consent to the plan of distribution developed by Class Counsel.

5.      Either the Settlement Administrator or Class Counsel will provide Defendant the most up-to-date class list that was used to provide notice to the certified class. Defendant will then provide Class Counsel with a revised Class List on or before the date of preliminary approval reflecting any new contact information for Class Members in the possession of the Franklin County Sheriff's Office.

6.       All payments to be made under this Settlement, including to Settlement Class Members, the Named Plaintiff, and Class Counsel will be made within twenty-one (21) days of the Effective Date. Each mailed check shall become void one-hundred eighty (180) days after issuance. Any funds from uncashed checks will be held by the Claims Administrator for an additional ninety (90) days during which time additional efforts will be made to reach any Settlement Class Members who have not cashed their checks. If any funds remain at the conclusion of this 90-day period, they will be redistributed via a supplemental pro rata payment to identified Settlement Class Members. No funds will revert to the Defendant.

7.      Any funds payable to Settlement Class Members who are deceased will be paid to their Estate and/or legal beneficiaries, pursuant to the terms of Ohio law.

**C. Injunctive Relief**

1.      Upon the Effective Date, Defendant will enact a policy forbidding photographing the tattoos of misdemeanor detainees as asserted in this Lawsuit absent extraordinary circumstances, and will train its employees about the new policy in due course.  Extraordinary circumstances include developments in the law with respect to misdemeanor detainees.

2.      Upon the Effective Date, all photographs of the tattoos of class members will be sealed by Court Order.  If necessary, and, upon notice to Plaintiff, Defendant shall petition the

Court for access to the photographs. Plaintiff will not unreasonably withhold consent to Defendant's request. The County will destroy these photographs within five years after the date of the Settlement Agreement.

## VII.  NOTIFICATION TO CLASS MEMBERS

### A. Responsibilities of the Settlement Administrator

1.      The Settlement Administrator shall implement and administer the Notice. The Settlement Administrator shall be responsible for, without limitation: (i) mailing the Class Notices; (ii) responding to requests for a copy of the Class Notice; (iii) otherwise administering the Notice Program, (iv) distributing payments to the Settlement Class Members including any associated tax reporting, return and filing requirements, (v) and performing such additional duties as the Parties may mutually direct. The Notice Program shall comply with all requirements of applicable law. The Settlement Administrator will maintain an appropriate insurance policy to protect against any violation of its fiduciary duty to the Court, the Settlement Class, Defendant or Class Counsel.

2.      The Settlement Website will provide information about the Settlement to the Settlement Class, including notice and claims documents, court documents, and a copy of the Settlement Agreement.

### B. Notice

1.      Notice will be provided to the Settlement Class by direct mailing and emailing of Class Notice to all individuals at their last known or readily ascertainable addresses. The published notice and mailed notice will be provided in English, and will provide instruction that a Spanish copy of either notice will be provided upon request. Additional notice will be provided to the Settlement Class by way of posting of the Class Notice in the Jackson Pike facility. The

Notice will be posted within one week of the Preliminary Approval Order and will remain posted through entry of the Final Judgment.

2.      The Settlement Administrator shall also provide a copy of the Class Notice to anyone who requests notice through written communication to the Settlement Administrator, or through a toll-free telephone number to be established by the Settlement Administrator. Class Counsel will also provide downloadable copies of notices, court decisions and other information to the Settlement Class through a dedicated internet website, www.jacksonpikesettlement.com.

3.      Defendant will cooperate in the Notice Program by providing Class Counsel and/or the Settlement Administrator with information necessary to effect notice to the Settlement Class, including providing to Class Counsel and/or the Settlement Administrator information sufficient to determine all last known addresses; and, if available, telephone numbers and email addresses; and Social Security numbers for all Class Members.

4.      If, after the initial mailing, any Class Notices are returned as undeliverable, the Settlement Administrator will attempt to locate the relevant Settlement Class Members by way of a national locator database or service and, if another address is found, re-mail the Notice to that new address. If any notices continue to be undeliverable after address locator efforts are exhausted, Class Counsel and/or the Settlement Administrator will direct a private investigator to track down addresses for any such Class Members. Any private investigators' fees will be deducted from the Settlement Fund.  The Settlement Administrator and Class Counsel will also work to identify class members on social media for purpose of providing them with notice.

5.      The Settlement Administrator shall provide a declaration to the Court, with a copy to Class Counsel and Defendant's Counsel, attesting to the measures undertaken to provide Notice of the Settlement.

6.     The Settlement Administrator (and any person retained by the Settlement Administrator)  shall sign a confidentiality agreement in a form agreed to by the Parties, which shall provide that the names, addresses and other information about specific Settlement Class Members and/or specific Settlement Class Members that is provided to it by Defendant, Class Counsel, or by individual Settlement Class Members, shall be treated as confidential and shall be used only by the Settlement Administrator  as required by this Settlement Agreement.

7.      Class Counsel and/or the Settlement Administrator will employ an interpreter on a per diem basis to assist Settlement Class Members whose primary language is Spanish in filing claims under the Settlement.  Any costs of this interpreter will be paid out of the Settlement Fund.

## VIII.   REQUESTS FOR EXCLUSION BY THE SETTLEMENT CLASS

1.     Any person in the Settlement Class may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator. Any Request for Exclusion must be postmarked or delivered not later than the Opt-Out Deadline. Any Request for Exclusion shall state the name, address and telephone number of the person requesting exclusion and contain a clear statement communicating that such person elects to be excluded from the Settlement, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the Settlement.

2.     Any person in the Settlement Class who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

3.     Not later than three (3) business days after the Opt-out deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendant's Counsel together with copies of each Request for Exclusion. Class

17

Counsel and Defendant's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

4.      Class Counsel agrees that they will not represent any individuals who opt out from the Settlement in asserting claims against the Defendant that are the subject of this Settlement Agreement.

## IX.      OBJECTIONS BY SETTLEMENT CLASS MEMBERS

1.      Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date.  Such objection shall state the name, address and telephone number of the person and provide proof of that the person is a Settlement Class Member, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection.

2.      The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights. The Preliminary  Approval Order and Class Notice will require all Settlement Class Members who have any objections to file such notice of objection or request to be heard with the Clerk of the Court, and serve by mail or hand delivery such notice of objection or request to be heard, including all papers or evidence in support thereof, upon one of the Class Counsel and Defendant's Counsel, at the addresses set forth in the Class Notice, no later than the Objection Date. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation

set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

3.     In accordance with law, only Settlement Class Members who have objected to the Settlement pursuant to the terms immediately above may appeal any Final Judgment. The proposed Final Judgment shall provide that any Settlement Class Member who wishes to appeal the Final Judgment, which appeal will delay the distribution of the Settlement to Settlement Class Members, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

## X.     RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

1.     By this Settlement Agreement and specifically as provided in this section, Defendant, and all of its respective affiliates, predecessors, successors and assigns, officers, agents, representatives, attorneys, insurers and employees (the "Released Parties") are released from any and all claims or causes of action that were, could have been, or should have been asserted by the Named Plaintiff and/or any Settlement Class Member, whether known or unknown ("Released Claims"), against the Released Parties, based upon or related to the actions or omissions that are the subject of Plaintiff's Complaint and/or this Settlement Agreement.

2.     When the Settlement Agreement is final, as of the Effective Date, all Settlement Class Members, including the Named Plaintiff, waive all rights to any and all claims relating to damages or reimbursement of any kind for the Released Claims. This waiver and release shall include a full release and waiver of any unknown rights regarding the Released Claims that may exist as of the Effective Date.

3.     As of the Effective Date, the Settlement Class Members, including the Named Plaintiff, hereby waive any and all rights to pursue, initiate, prosecute, or commence any action or

proceeding before any court, administrative agency or other tribunal, or to file any complaint regarding any acts or omissions by the Released Persons with respect to the Released Claims.

4.    Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court. This Settlement Agreement is subject to and conditioned on a Final Approval Hearing conducted by the Court and entry of a Final Order of Approval of Settlement by the Court, providing the specified relief as set forth below, which relief shall be pursuant to the terms and conditions of this Settlement Agreement and the Parties' performance of their continuing rights and obligations hereunder.

5.    The Final Order of Approval of Settlement shall be deemed final on the Effective Date as defined previously. Such Final Order of Approval of Settlement shall:

a.    Dismiss with prejudice all claims in the action as to the Released Parties, including all claims for monetary damages, declaratory relief, and injunctive relief, each side to bear its own costs and fees except as otherwise provided for in this Settlement Agreement;

b.    Order that all Settlement Class Members are enjoined from asserting against any Released Parties any and all claims that any Settlement Class Member had, has or may have in the future arising out of or based on the Released Claims;

c.    Release all Released Parties from the claims that any Settlement Class Members has, had or may have in the future against such Released Parties arising out of or based on the Released Claims;

d.    Determine that this Settlement Agreement is entered into in good faith, is reasonable, fair and adequate, and in the best interest of the Class; and

e.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including Defendant and Settlement Class Members, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of all Parties.

6.    The Parties will take all necessary and appropriate steps to obtain Preliminary and Final approvals of the Settlement Agreement, and dismissal of the action with prejudice, with all Parties bearing their own fees and costs unless otherwise set forth in this Settlement Agreement.

7.     This Settlement Agreement does not affect the rights, if any, of a person in the Settlement Class who timely and properly excludes herself from the Settlement; such person shall be deemed to have submitted to the jurisdiction of the Court with respect to those rights, if any.

8.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

9.     Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members; (ii) the Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Members or their successors, predecessors or assigns except as set forth herein; and (iii) Settlement Class Members and their successors, predecessors and assigns shall not initiate, assert, or prosecute any and all Released Claims against any Released Parties in any federal or state court in the United States or any other tribunal.

10.    Except as otherwise provided under the terms of this Settlement Agreement, the Parties enter into this agreement solely for the purposes of this Settlement and implementation of the Settlement. If the Settlement fails to be approved or otherwise fails consummation, then this Settlement Agreement is hereby withdrawn.

## XI.     REPRESENTATIONS, WARRANTIES, AND COVENANTS

1.     Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs, to execute, deliver, and perform this Settlement Agreement

and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

2.      Defendant, through its undersigned attorneys, represent and warrant that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.

3.      The Parties agree that the Settlement Agreement must be approved by adoption of a resolution of the Franklin County Board of Commissioners before it constitutes a legal, valid, and binding obligation.

## XII.    MISCELLANEOUS PROVISIONS

1.      This Settlement Agreement, and the exhibits and related documents hereto, as well as any payment of moneys, or any other action taken, by the Defendant pursuant to any provision of this Settlement Agreement are not, and shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or omission of any kind whatsoever, regardless of whether this Settlement Agreement results in entry of a Final Judgment as contemplated herein. Defendant and each and every one of them deny any liability to Plaintiff and to all Class Members. This provision shall survive the expiration or voiding of this Settlement Agreement.

2.      This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Effective Date does not occur for any reason or the Final Judgment is not entered, then this Settlement Agreement, including any Releases or dismissals hereunder, is canceled. In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any

22

such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation or in any other litigation, and all Parties shall be restored to their prior rights and positions as if the mediation had never occurred and the Settlement Agreement had not been entered into.

3. Except as otherwise provided in this Settlement Agreement, each Party to this Settlement Agreement shall bear his or its own costs of the Litigation.

4. If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

5. The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

6. Any liens to be asserted by Defendant against any members of the class who file claims on the settlement will be asserted against that class member individually. No liens will be served by the County on Class Counsel or the Settlement Administrator.

7. The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties was represented by competent and effective counsel throughout the course of Settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among

the Parties to this Settlement Agreement. In entering into this Settlement Agreement, none of the Parties relied on advice received from any other Party or any other Party's counsel.

8.      The Parties agree that any disputes regarding the terms and conditions of this Settlement Agreement shall be submitted to mediator Frank A. Ray, Esquire, who shall attempt to mediate any such dispute. If such dispute cannot be resolved via mediation, the Court shall decide such dispute. The Court's decision shall be final and binding.

9.      This Settlement Agreement, together with its exhibits, contains all the terms and conditions agreed upon by the Parties regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the Parties, or to vary the terms and conditions contained herein, except as expressly provided herein.

10.      This Settlement Agreement supersedes all prior communications regarding the matters contained herein between the Parties or their representatives. This Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters herein between the Parties, and no representations, warranties or promises have been made or relied on by any party hereto other than as set forth herein. This Settlement Agreement was drafted by counsel for the Parties hereto, and there shall be no presumption or construction against any party.

11.      This Settlement Agreement may be signed in counterparts.

IN WITNESS WHEREOF, Plaintiff and Defendant and their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

**AGREED AND ACCEPTED:**


_____

Plaintiff Kristen McDonald


Date: _____


Elmer Robert Keach, III, Esquire
_Admitted Pro Hac Vice_
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY 12205
Tel: 518.434.1718
bobkeach@keachlawfirm.com

Date: __11/3/2021__


_____

Andrew S. Baker (0080193)
Baker Law Group
107 South High Street Suite 400
Columbus, OH 43215
Tel: (614) 228-1882
Andrew.Baker@bakerlawgroup.net

Date: _____


Nicholas A. Migliaccio, Esquire
Jason S. Rathod, Esquire
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com


Date: __11/3/2021__

**AGREED AND ACCEPTED:**

Defendant Franklin County, Ohio


Kenneth Wright, Administrator
Franklin County

Date: __11/23/21__


Dallas Baldwin, Sheriff, Franklin
County

Date: __11-23-21__


G. Gary Tyack
Prosecuting Attorney
Franklin County, Ohio


Jeanine A. Hummer (0030565)
Amy L. Hiers (0065028)
Jesse W. Armstrong (0089029)
John A. Zervas (0043611)
Franklin County Prosecutor's Office
373 South High Street 13th Floor
Columbus, OH 43215
614-525-3910
jhummer@franklincountyohio.gov
ahiers@franklincountyohio.gov
jarmstrong@franklincountyohio.gov
jzervas@franklincountyohio.gov

Date: __11/22/21__

25

**AGREED AND ACCEPTED:**

_[signature]_
_____
Plaintiff Kristen McDonald

Date: ___11/03/21___

_____
Elmer Robert Keach, III, Esquire
_Admitted Pro Hac Vice_
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY 12205
Tel: 518.434.1718
bobkeach@keachlawfirm.com

Date: _____

_[signature]_
_____
Andrew S. Baker (0080193)
Baker Law Group
107 South High Street Suite 400
Columbus, OH 43215
Tel: (614) 228-1882
Andrew.Baker@bakerlawgroup.net

Date: ___11/03/21___

_____
Nicholas A. Migliaccio, Esquire
Jason S. Rathod, Esquire
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com

Date: _____


**AGREED AND ACCEPTED:**

Defendant Franklin County, Ohio


_____
Kenneth Wilson, Administrator
Franklin County

Date: _____

_____
Dallas Baldwin, Sheriff, Franklin
County

Date: _____

G. Gary Tyack
Prosecuting Attorney
Franklin County, Ohio


_____
Jeanine A. Hummer (0030565)
Amy L. Hiers (0065028)
Jesse W. Armstrong (0089029)
John A. Zervas (0043611)
Franklin County Prosecutor's Office
373 South High Street 13th Floor
Columbus, OH 43215
614-525-3910
jhummer@franklincountyohio.gov
ahiers@franklincountyohio.gov
jarmstrong@franklincountyohio.gov
jzervas@franklincountyohio.gov

Date: _____

25

D. Aaron Rihn, Esquire
Sara J. Watkins, Esquire
Robert Peirce & Associates, P.C.
707 Grant Street Suite 125
Pittsburgh, PA 15219
Tel.: (412) 281-7229
Email: arihn@peircelaw.com

Date: ___1/13/21___

Exhibit A

**Legal Notice**

**United States District Court for the Southern District of Ohio**

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**</u>

# IF YOU ARE A WOMAN WHO WAS ADMITTED INTO THE CUSTODY OF THE FRANKLIN COUNTY SHERIFF'S OFFICE, AND HAD PHOTOGRAPHS TAKEN OF TATTOOS ON YOUR PRIVATE PARTS BETWEEN MAY 23, 2011 AND APRIL 30, 2014, YOU ARE ENTITLED TO RECEIVE MONEY FROM A CLASS ACTION SETTLEMENT

## Read This Notice Carefully

*A Federal Court Authorized This Notice. It Is Not From A Lawyer. You Are Not Being Sued.*

- This is a proposed settlement of a class action alleging female pre-arraignment detainees at Jackson Pike between May 23, 2011, and April 30, 2014, had photographs taken of their tattoos in compromising positions in violation of their constitutional rights.

- The primary benefit of the settlement to class members is a payment. Each Class Member is entitled to receive a *pro rata* share of the Settlement Fund, which we estimate will be approximately $2,735 per class member. In addition, the Defendant has agreed to enact a policy forbidding photographing the tattoos of misdemeanor detainees as asserted in this lawsuit absent extraordinary circumstances, and will train its employees about the new policy in due course. The Defendant has also agreed that all photographs of the tattoos of class members will be sealed by Court Order and destroyed within five years.

- You are eligible to receive this payment without taking any additional action, as you, as the person to whom this notice is addressed, has been verified as a member of the class. It is imperative that you contact class counsel immediately with your address so that you can be mailed a check for your share of the settlement.

- The settlement requires the defendant to establish a Settlement Fund in the amount of $2,500,000 to pay all costs, expenses, attorney fees, and payments to class members. This is the complete and total settlement amount that defendant will pay and includes, in addition to payments to class members: (1) payment, on behalf of the class, of plaintiffs' attorneys' fees and litigation costs in an amount to be determined by the Court; (2) payment of an incentive award to the class representative; and (3) payment of the costs of notifying the class about, and administering all aspects of, this settlement, including distributing payment to members of the class.

- Visit the Class Action Settlement Website at www.jacksonpikesettlement.com for additional

1

details about the lawsuit. You may also get additional information by calling [ ], or by writing to:

[*McDonald v. Franklin* County Settlement Administrator]
PO Box

*Your legal rights are affected whether you act or you don't act. Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Exclude Yourself** | If you exclude yourself from the Settlement, you will not be bound by the Settlement or judgment and will not be entitled to a cash payment. You will be free to pursue your claims, if any, against the Defendant. This is the only option that allows you to bring or be part of any other lawsuit against the Defendant in this case about the same legal claims that are advanced in this case. **You must exclude yourself from the Settlement by [60 days after Notice Date].** |
| **Object** | If you do not exclude yourself, you may write to the Court about why you do not like the Settlement or the request for legal fees and costs. **You must send a written objection to the Court postmarked no later than [60 days after Notice Date].** |
| **Go to a Hearing** | You may ask to speak in Court about the fairness of the Settlement or the request for fees and costs. |
| **Do Nothing** | You will receive your *pro rata* share of the payment. You give up your right to sue Defendant on these claims later. |

2

- ▪ These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- • Your legal rights are affected whether you act or do not act. Read this notice carefully.

- • These rights and options – **and the deadline to exercise them –** are explained in this notice.
- • The Court in charge of this case still must decide whether to give final approval to the Settlement. Likewise, payments to class members will be distributed only if the Court grants final approval of the Settlement and after any appeals are resolved.

# BASIC INFORMATION

## I. WHY DID I GET THIS NOTICE?

You, or a female residing at your address, was in the custody of the Franklin County Sheriff's Office on misdemeanor or other minor charges between May 23, 2011 and April 30, 2014, and had photos taken of tattoos located on their private parts upon admission to the Jackson Pike Facility in Columbus. These private parts including the breast, genitals, buttocks and the area under the belly button.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action, and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

*If the class member that is entitled to receive this settlement notice is deceased, the settlement payment check will be made out in the name of the estate of the deceased class member. If you are the next of kin of a deceased class member, please contact Class Counsel listed below.*

The Court in charge of this case is the United States District Court for the Southern District of Ohio. United States District Judge Michael H. Watson is presiding over this case. The Case is known as *McDonald v. Franklin County, Ohio,* Case Number 2:13-CV-503. The people who sued are called Plaintiffs, and the municipality they sued, Franklin County, is called the Defendant. The lawyers that represent the Plaintiff and the Class are called Class Counsel.

## II. WHAT IS THIS LAWSUIT ABOUT?

The lawsuit claims that Franklin County illegally photographed tattoos on the private parts of female detainees who were admitted into the custody of the Jackson Pike facility in Columbus after being charged with misdemeanors or other minor crimes, in violation of the unreasonable search and seizure provisions contained in the Fourth Amendment of the United States Constitution. Defendant Franklin County admits to photographing all tattoos on detainees during the class period, but maintains it did so legally. The Defendant further claims that the Class Members are not entitled to any damages as a result of having their tattoos photographed.

### III.     WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called Class Representatives (in this case Kristen McDonald), sue on behalf of all people who have similar claims. All these people are a Class or Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Michael H. Watson is in charge of this class action.

### IV.     WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and the people affected will get compensation. The Class Representative and her attorneys think the Settlement is best for everyone who was subject to Jackson Pike's practices during the class period.

### V.     HOW DO I KNOW IF I AM A MEMBER OF THE CLASS?

District Judge Watson has decided that everyone who fits this description is a Class Member:

> All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014.

> Specifically excluded from the class are the Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

Counsel for all parties agree that Franklin County ceased photographing tattoos on the private parts of detainees charged with misdemeanors or other minor crimes on April 30, 2014, the date on which they changed their policy and trained their employees to cease taking such photographs. Consequently, the Class Period runs from May 23, 2011 until April 30, 2014. If you are a female, were admitted into the custody of Jackson Pike during this time, and had photographs taken of tattoos on your private parts, you are a member of the class.

This lawsuit does not cover men, individuals charged with felony offenses, or individuals who had tattoos photographed that were not on their private parts at the time of their entry into the Jackson Pike facility. Also excluded are employees and representatives of the Defendant.

4

## VI. HOW DO I KNOW IF I QUALIFY TO BE IN THE CLASS?

Class Counsel understands the sensitivity that many class members have about their time in the Franklin County Jail. Any contact between class members and Class Counsel is confidential. If you are delivered this notice, Class Counsel has reviewed your records and determined you are a member of the Class. You need to cooperate with class counsel in order for class counsel to locate you, and for them to make sure that you receive your settlement payment. You need to do nothing to receive this payment other than work with class counsel to provide your address.

If you did not receive this notice in the mail, however, you may still be a class member. You may contact Class Counsel or the Settlement Administrator to confirm your membership in the class. For more information, you can also visit the website, www.jacksonpikesettlement.com.

## VII. WHAT AM I GIVING UP TO STAY IN THE CLASS?

Unless you exclude yourself, you are staying in the Class and will be represented by Class Counsel. That means you will be part of this lawsuit, and cannot sue, continue to sue, or be part of any other lawsuit against Franklin County, its employees, or its elected officials about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

You will receive a cash payment if you stay in the class. The attorneys for the class, and all litigation and administrative expenses, are being paid from the settlement fund.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## VIII. WHAT DOES THE SETTLEMENT PROVIDE?

Defendant has agreed to provide a total settlement fund amount of $2,500,000 to compensate Class Members whose tattoos were photographed while at the Jackson Pike facility during the class period. This settlement fund amount will cover all costs, administration and notification expenses, payments to class members, attorney fees, class notice, and all aspects of the administration of settlement, including but not limited to, attorneys' feesup to a maximum of $833,333.33, class counsel's litigation expenses and a service award to the class representative of $50,000 for stepping forward and representing the Class.

A complete description of the settlement is provided in the Settlement Agreement and Release. You can get a copy of the Settlement Agreement and Release by visiting www.jacksonpikesettlement.com.

## IX. WHAT CAN I GET FROM THE SETTLEMENT?

The Settlement Fund will be distributed to Class Members on a pro rata basis. Each Class Member is entitled to receive a pro rata share of the Settlement Fund. We estimate that each class member will receive an amount in excess of $ 2,000.00.

If you received this notice on behalf next of kin who was a member of the class and who has passed away, please contact the Administrator for instructions on having the settlement payment paid to the Estate of the class member.

# EXCLUDING YOURSELF FROM THE CLASS

If you want to keep the right to sue, if any, or continue to sue Franklin County, if any, on your own, for monetary damages, then you must take steps to get out of the case. This is called excluding yourself – or is sometimes referred to as "opting out" of the class action lawsuit.

## X.  HOW DO I GET OUT OF THE CLASS ACTION LAWSUIT?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from McDonald v. Franklin County, Ohio, Case Number 2:13-CV-503. Be sure to include your name, address, telephone number, email address, and your signature.  You must mail your exclusion request postmarked no later than [60 days after Notice Date] to:

Franklin County Jail Exclusions
Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205

Class Counsel will take the responsibility of forwarding your Exclusion Request to the Court. You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive monetary recovery from this lawsuit, you cannot participate in the lawsuit, and you will not be legally bound by anything that happens in the lawsuit. You may be able to sue (or continue to sue) Franklin County in the future.

## XI.    IF I DO NOT EXCLUDE MYSELF, CAN I SUE FRANKLIN COUNTY FORTHE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue Franklin County for the claims that this case involves. Instead, you will receive a check for your share of the Settlement Fund.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.You must exclude yourself from *this* Class to continue on with your own lawsuit. Remember, the exclusion deadline is [60 days after Notice Date]_____, 2021.

## XII.  IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS CASE?

No. If you exclude yourself, you will not be eligible to receive any money from this lawsuit.

# THE LAWYERS REPRESENTING YOU

## XIII. WHO ARE THE LAWYERS IN THIS CASE?

The Court approved Andrew Baker of the Baker Law Group, Columbus, Ohio, Elmer Robert Keach, III, Esquire, Law Offices of Elmer Robert Keach, III, PC, Albany, New York; Nicholas A. Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, Washington, District of Columbia, and Aaron Rihn and Sara Watkins of Robert Pierce & Associates, P.C., Pittsburgh, Pennsylvania, to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## XIV. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?

Class Counsel will ask the Court for attorneys' fees and expenses as a percentage of the settlement, and a payment of $50,000 for Class Representative Kristen McDonald. The Settlement Agreement provides that one third (1/3) of the Settlement Fund ($833.333.33) will be paid to Class Counsel as an award of attorneys' fees, together with an award for the reimbursement of litigation expenses.. These amounts will be deducted from the Settlement Fund before payments are made to Class Members. The costs of administering the Settlement and locating class members, which are estimated at $_____, will also be deducted from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## XV. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give objections why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to McDonald v. Franklin County, Ohio, Case Number 2:13-CV-0503. Be sure to include your name, address, telephone number, your signature, and the reasons why you object to this Settlement and the case number (2:13-CV-0503). Mail the objection to these three different places postmarked no later than [60 days after Notice Date].

**COURT**

Clerk of the Court
United States District Court For the Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse, Room 169
85 Marconi Boulevard
Columbus, OH 43215
Phone: (614) 719-3300

**CLASS COUNSEL**

7

Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY 12205

**DEFENSE COUNSEL**

Amy L. Hiers, Esquire
Jeanine Hummer, Esquire
Jesse W. Armstrong, Esquire
John A. Zervas, Esquire,
Franklin County Prosecutor's Office
373 South High Street 13th Floor
Columbus, OH 43215

## XVI. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer legally affects you.

# IF YOU DO NOTHING

## XVII. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will receive money from the Settlement. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Franklin County about the legal issues in this case, ever again.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

## XVIII. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On 120 days after entry of Preliminary Approval, the U.S. District Court for the Southern District of Ohio will hold a fairness hearing in the Joseph P. Kinneary U.S. Courthouse located at 85 Marconi

Boulevard, Columbus, OH to determine whether the Class was properly certified and whether the proposed Settlement is fair, adequate, and reasonable. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. This hearing may be continued or rescheduled by the Court without further notice. We do not know how long it will take the Court to give its decision.

## XIX. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions Judge Watson may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

## XX. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in McDonald v. Franklin County, Ohio, Case Number 2:13-CV-0503." Be sure to include your name, address, telephone number and your signature and the case number (2:13-CV-0503). Your Notice of Intention to Appear must be postmarked no later than [60 days after Notice Date] and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question. It is possible that the Court will have you speak at the Fairness Hearing by telephone. You cannot speak at this hearing if you excluded yourself from the class.

### GETTING MORE INFORMATION

## XXI. HOW DO I GET MORE INFORMATION?

If you need additional help in determining whether you are a class member, or if you have other questions, you can contact a representative of Class Counsel at [      ] who may be able to help you directly or have class counsel call you to answer your questions. You can also visit the Settlement website, www.jacksonpikesettlement.com.

*Si desea una copia del aviso en español, comuníquese con nosotros al 1-[      ].*

Exhibit B

# IF YOU ARE A WOMAN WHO WAS ADMITTED INTO THE CUSTODY OF THE FRANKLIN COUNTY SHERIFF'S OFFICE, AND HAD PHOTOGRAPHS TAKEN OF TATTOOS ON YOUR PRIVATE PARTS BETWEEN MAY 23, 2011 AND APRIL 30, 2014, YOU ARE ENTITLED TO RECEIVE MONEY FROM A CLASS ACTION SETTLEMENT

## Your Rights Could be Affected by a Class Action Lawsuit Settlement

The United States District Court for the Southern District of Ohio has certified a Settlement Class as part of a proposed settlement of a class action alleging female pre-arraignment detainees at Jackson Pike between May 23, 2011, and April 30, 2014, had photographs taken of their tattoos in private areas in violation of their constitutional rights. The primary benefit of the settlement to class members is a payment. Each Class Member is entitled to receive a *pro rata* share of the Settlement Fund, which we estimate will be in excess of $ 2,000 per class member.

**What is this Lawsuit?**

This is a class action lawsuit alleging that Franklin County engaged in the practice of illegally photographing the privates of female detainees charged with misdemeanors or other minor crimes upon their entry into the Jackson Pike facility between May 23, 2011 and April 20, 2014. The Plaintiff alleges, and Franklin County admits, that employees at the Jackson Pike facility photographed tattoos on the private parts of female detainees during this time period. Photos were taken of tattoos on the breasts, genitals, buttocks and in the area below the belly button. The Plaintiff alleges that the taking of these photographs of tattoos on a female detainee's private parts, as embodied in Franklin County policy, violates the Constitution of the United States. Franklin County claims that its practices are justified and legal.

This lawsuit does not include men, individuals who were charged with felonies, or individuals who did not have tattoos on their privates.

**Who is Included in the Class?**

You are a class member if you are female, were admitted into the Jackson Pike Facility between May 23, 2011 and April 20, 2014, were only charged with a misdemeanor or other minor crime, and had tattoos on your private parts photographed during your admission to the Jackson Pike facility.

**Are You Entitled to Any Benefits at This Time?**

Yes.  Defendant has agreed to provide a Settlement Fund amount of $2,500,000.00 to: compensate Class Members whose tattoos were photographed while at the Jackson Pike facility during the class period; pay for attorneys' fees, up to a maximum of $833,333.33; pay litigation expenses for class counsel: provide the class representative a service award of $50,000 for stepping forward and representing the Class; and pay all the expenses of notifying the class about, and administering all aspects of, this Settlement, and delivering payments to class members. Attorneys' fees, administration costs and incentive awards are taken out of the settlement fund amount prior to distribution to the class. A complete description of the settlement is provided in the Settlement Agreement and Release.

For more information, call toll free or visit the settlement website:



1-[                    ]

www.jacksonpikesettlement.com

or write:
[                    ]

Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

_____

|  |  |  |
|---|---|---|
| | : | |
| KRISTEN McDONALD, both individually | : | |
| and on behalf of a Certified Class of Other | : | |
| Similarly Situated Plaintiffs, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No: 2:13-CV-0503 |
| | : | |
| FRANKLIN COUNTY, OHIO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

### [PROPOSED] JUDGMENT

Pursuant to the Order Approving Class Action Settlement, FINAL JUDGMENT is hereby

entered in this civil action. All claims of class members who did not properly request exclusion from

the Class in the time and manner provided in the Class Notice are hereby DISMISSED WITH

PREJUDICE.

DATED: _____, 2021

_____
**HONORABLE MICHAEL H. WATSON**
**UNITED STATES DISTRICT JUDGE**

Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

———————————————————

|  |  |  |
|---|---|---|
| KRISTEN McDONALD, both individually and on behalf of a Certified Class of Other Similarly Situated Plaintiffs, | : : : : | |
| Plaintiff, | : | |
| v. | : : | No: 2:13-CV-0503 |
| FRANKLIN COUNTY, OHIO, | : : | |
| Defendant. | : : | |

——————————————————:

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, Plaintiff, Kristen McDonald ("Plaintiff" or the "Class Representative") and Defendant, Franklin County, Ohio ("Defendant") entered into a settlement agreement (the "Settlement Agreement") on [date], to settle this class action lawsuit (the "Class Action"); and,

WHEREAS, the Settlement Agreement, together with the attached exhibits, sets forth the terms and conditions for a proposed settlement and dismissal of prejudice of these actions against the Defendant;

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Settlement and Joint Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials;

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1

*Preliminary Approval of Settlement and Conditional Certification of the Settlement Class*

1.      Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3.      Pursuant to Fed. R. Civ. P. 23 the Court hereby conditionally certifies the following settlement class:

> "All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014."

4.      The Court further finds that the Plaintiff is an adequate class representatives for the Settlement Class.

5.      The Court further finds that Plaintiff's Counsel are adequate Class Counsel, and the Court has found Class Counsel adequate when initially certifying this case as a class action.

6.      The Court approves the Class Notice of Settlement attached hereto as Exhibit A and the Summary Notice for Publication attached hereto as Exhibit B. The Court also approves the Notice Program as set forth in the Settlement Agreement.

7.      If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void. Defendant shall reserve all arguments, defenses and issues that it would have been able to raise absent the settlement of this action, including the right to contest the allegations made by the Plaintiff. Additionally, Plaintiff has reserved all rights, including their right to continue with any appeals pending at the time of the settlement.

*Notice to Settlement Class Members and Appointment of Settlement Administrator*

8.      Counsel for the Class ("Class Counsel") are as follows:

> Elmer Robert Keach, III, Esquire
> Law Offices of Elmer Robert Keach, III, PC
> One Pine West Plaza, Suite 109
> Albany, NY 12205
>
> Andrew S. Baker, Esquire
> Baker Law Group
> 107 South High Street Suite 400
> Columbus, OH 43215
>
> Nicholas A. Migliaccio, Esquire
> Jason S. Rathod, Esquire
> Migliaccio & Rathod LLP
> 412 H Street N.E., Suite 302
> Washington, DC 20002
>
> D. Aaron Rihn, Esquire
> Sara J. Watkins, Esquire
> Robert Peirce & Associates, P.C.
> 707 Grant Street Suite 125
> Pittsburgh, PA 15219

9.      Beginning no later than _____, 2021, Class Counsel shall cause to be disseminated the notices, substantially in the form attached as Exhibits A and B hereto, in the manner set forth in the Settlement Agreement. Notice will be disseminated expeditiously pursuant to the terms of the Settlement Agreement. Class members will have Sixty days (60) from the Notice Date to opt

3

out or object. Prior to the Fairness Hearing, Plaintiff and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

10.     The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of Ohio and all other applicable laws. The Notices are accurate, objective, informative and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

11.     Class Counsel are authorized to retain RG/2 Claims Administration LLC as a Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

*Requests for Exclusion from the Settlement Class*

12.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel, so that it is received by Class Counsel at the address indicated in the Notice on or before [_____], 2021. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Claims Administrator.

13.     Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants described

in the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund created pursuant to the Settlement Agreement.

*The Fairness Hearing*

14.     A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before this Court on [date 100 days from entry of this order] at 10:00 AM by telephone, to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this Class Action with respect to the Released Parties that are Defendants therein, and the entry of final judgment in the Class Action. Class Counsel's application for award of attorneys' fees and costs shall be heard at the time of the fairness hearing.

15.     The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

16.     Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

17.     Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the proposed Settlement, entry of the Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by filing and serving a written objection.

18.     Any Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position. If an objector intends to appear personally at the

5

Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

19.     Objections, along with any notices of intent to appear, must be filed no later than [_____, 2021. If Counsel is appearing on behalf of more than one Class member, counsel must identify each such Class member and each Class member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> Office of the Clerk
> Joseph P. Kinneary U.S. Courthouse
> Room 121
> 85 Marconi Boulevard
> Columbus, Ohio 43215

20.     Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the addresses listed below:

> Elmer Robert Keach, III, Esquire
> Law Offices of Elmer Robert Keach, III, PC
> One Pine West Plaza, Suite 109
> Albany, NY 12205
> *Counsel for Plaintiff*
>
> Amy L. Hiers, Esquire
> Jeanine Hummer, Esquire
> Jesse W. Armstrong, Esquire
> John A. Zervas, Esquire,
> Franklin County Prosecutor's Office
> 373 South High Street 13th Floor
> Columbus, OH 43215
> *Counsel for Defendant*

21.     Only Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for fees, costs and expenses, in accordance with the procedure

set forth in the Class Notice and mandated in the Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

22.     Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

23.     All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against the Defendant.

*Other Provisions*

24.     Upon approval of the settlement provided for in this Settlement Agreement, each and every time and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

25.     All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

26.     Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making without further approval of the Court minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable and necessary.

**IT IS SO ORDERED.**


_____                    _____
**DATE**                                          **HONORABLE MICHAEL H. WATSON**
                                                      **UNITED STATES DISTRICT JUDGE**