UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

|   |   |
|---|---|
| KRISTEN McDONALD, both individually and on behalf of a Certified Class of Other Similarly Situated Plaintiffs, | : : : : : |
| Plaintiff, | : : |
| v. | :   No: 2:13-CV-0503 |
| FRANKLIN COUNTY, OHIO, | : : : |
| Defendant. | : : |

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, Plaintiff, Kristen McDonald ("Plaintiff" or the "Class Representative") and Defendant, Franklin County, Ohio ("Defendant") entered into a settlement agreement (the "Settlement Agreement") on [date], to settle this class action lawsuit (the "Class Action"); and,

WHEREAS, the Settlement Agreement, together with the attached exhibits, sets forth the terms and conditions for a proposed settlement and dismissal of prejudice of these actions against the Defendant;

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Settlement and Joint Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials;

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1

*Preliminary Approval of Settlement and Conditional Certification of the Settlement Class*

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. Pursuant to Fed. R. Civ. P. 23 the Court hereby conditionally certifies the following settlement class:

> "All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014."

4. The Court further finds that the Plaintiff is an adequate class representatives for the Settlement Class.

5. The Court further finds that Plaintiff's Counsel are adequate Class Counsel, and the Court has found Class Counsel adequate when initially certifying this case as a class action.

6. The Court approves the Class Notice of Settlement attached hereto as Exhibit A and the Summary Notice for Publication attached hereto as Exhibit B. The Court also approves the Notice Program as set forth in the Settlement Agreement.

7. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void. Defendant shall reserve all arguments, defenses and issues that it would have been able to raise absent the settlement of this action, including the right to contest the allegations made by the Plaintiff. Additionally, Plaintiff has reserved all rights, including their right to continue with any appeals pending at the time of the settlement.

*Notice to Settlement Class Members and Appointment of Settlement Administrator*

8. Counsel for the Class ("Class Counsel") are as follows:

>Elmer Robert Keach, III, Esquire
>Law Offices of Elmer Robert Keach, III, PC
>One Pine West Plaza, Suite 109
>Albany, NY 12205
>
>Andrew S. Baker, Esquire
>Baker Law Group
>107 South High Street Suite 400
>Columbus, OH 43215
>
>Nicholas A. Migliaccio, Esquire
>Jason S. Rathod, Esquire
>Migliaccio & Rathod LLP
>412 H Street N.E., Suite 302
>Washington, DC 20002
>
>D. Aaron Rihn, Esquire
>Sara J. Watkins, Esquire
>Robert Peirce & Associates, P.C.
>707 Grant Street Suite 125
>Pittsburgh, PA 15219

9. Beginning no later than \_\_\_\_\_, 2021, Class Counsel shall cause to be disseminated the notices, substantially in the form attached as Exhibits A and B hereto, in the manner set forth in the Settlement Agreement. Notice will be disseminated expeditiously pursuant to the terms of the Settlement Agreement. Class members will have Sixty days (60) from the Notice Date to opt

3

out or object. Prior to the Fairness Hearing, Plaintiff and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

10. The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of Ohio and all other applicable laws. The Notices are accurate, objective, informative and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

11. Class Counsel are authorized to retain RG/2 Claims Administration LLC as a Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

*Requests for Exclusion from the Settlement Class*

12. Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel, so that it is received by Class Counsel at the address indicated in the Notice on or before [_____], 2021. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Claims Administrator.

13. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants described

in the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund created pursuant to the Settlement Agreement.

*The Fairness Hearing*

14. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before this Court on [date 100 days from entry of this order] at 10:00 AM by telephone, to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this Class Action with respect to the Released Parties that are Defendants therein, and the entry of final judgment in the Class Action. Class Counsel's application for award of attorneys' fees and costs shall be heard at the time of the fairness hearing.

15. The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

16. Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

17. Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the proposed Settlement, entry of the Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by filing and serving a written objection.

18. Any Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position. If an objector intends to appear personally at the

5

Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

19. Objections, along with any notices of intent to appear, must be filed no later than [_____, 2021. If Counsel is appearing on behalf of more than one Class member, counsel must identify each such Class member and each Class member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> Office of the Clerk
> Joseph P. Kinneary U.S. Courthouse
> Room 121
> 85 Marconi Boulevard
> Columbus, Ohio 43215

20. Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the addresses listed below:

> Elmer Robert Keach, III, Esquire
> Law Offices of Elmer Robert Keach, III, PC
> One Pine West Plaza, Suite 109
> Albany, NY 12205
> *Counsel for Plaintiff*
>
> Amy L. Hiers, Esquire
> Jeanine Hummer, Esquire
> Jesse W. Armstrong, Esquire
> John A. Zervas, Esquire,
> Franklin County Prosecutor's Office
> 373 South High Street 13th Floor
> Columbus, OH 43215
> *Counsel for Defendant*

21. Only Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for fees, costs and expenses, in accordance with the procedure

set forth in the Class Notice and mandated in the Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

22. Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

23. All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against the Defendant.

*Other Provisions*

24. Upon approval of the settlement provided for in this Settlement Agreement, each and every time and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

25. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

26. Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making without further approval of the Court minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable and necessary.

**IT IS SO ORDERED.**

_____ _____
**DATE** **HONORABLE MICHAEL H. WATSON**
**UNITED STATES DISTRICT JUDGE**