# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Kristen McDonald, _individually_**
**_and on behalf of a class_**
**_of others similarly situated_,**

     **Plaintiff,**　　　　　　　　**Case No. 2:13-cv-0503**

     **v.**　　　　　　　　　　　**Judge Michael H. Watson**

**Franklin County, Ohio,**　　　　　**Magistrate Judge Vascura**

     **Defendants.**

## ORDER

WHEREAS, Plaintiff, Kristen McDonald ("Plaintiff" or the "Class Representative") and Defendant, Franklin County, Ohio ("Defendant") entered into a settlement agreement (the "Settlement Agreement"), to settle this class action lawsuit (the "Class Action"); and,

WHEREAS, the Settlement Agreement, together with the attached exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these actions against Defendant;

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Settlement and Joint Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials;

WHEREAS, the Court is provisionally satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith,

arm's-length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court preliminarily finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby conditionally certifies the following settlement class:

> All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014.

4. The Court further finds that Plaintiff is an adequate class representative for the Settlement Class.

5.  The Court further finds that Plaintiff's Counsel are adequate Class Counsel, and the Court has found Class Counsel adequate when initially certifying this case as a class action.

6.  The Court approves the Class Notice of Settlement attached hereto as Exhibit A and the Summary Notice for Publication attached hereto as Exhibit B. The Court also approves the Notice Program as set forth in the Settlement Agreement.

7.  If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void.  Defendant shall reserve all arguments, defenses and issues that it would have been able to raise absent the settlement of this action, including the right to contest the allegations made by Plaintiff.  Additionally, Plaintiff has reserved all rights, including her right to continue with any appeals pending at the time of the settlement.

### Notice to Settlement Class Members and Appointment of Settlement Administrator

8.  Counsel for the Class ("Class Counsel") are as follows:

> Elmer Robert Keach, III, Esquire
> Law Offices of Elmer Robert Keach, III, PC One Pine West Plaza, Suite 109
> Albany, NY 12205
>
> Andrew S. Baker, Esquire Baker Law Group
> 107 South High Street Suite 400
> Columbus, OH 43215

Nicholas A. Migliaccio, Esquire Jason S. Rathod, Esquire Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, DC 20002

D. Aaron Rihn, Esquire Sara J. Watkins, Esquire
Robert Peirce & Associates, P.C. 707 Grant Street Suite 125
Pittsburgh, PA 15219

9.  **Within thirty days** after entry of this Order, Class Counsel shall cause to be disseminated the notices, substantially in the form attached as Exhibits A and B hereto, in the manner set forth in the Settlement Agreement.  Notice will be disseminated expeditiously pursuant to the terms of the Settlement Agreement. The date of dissemination of the notices shall be referred to as the Notice Date. Class members will have **sixty days** from the Notice Date to opt out or object. Prior to the Fairness Hearing, Plaintiff and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

10.  The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of Ohio and all other applicable laws. The Notices are accurate, objective, informative and provide Class Members with

all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

11.     Class Counsel are authorized to retain RG/2 Claims Administration LLC as a Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

### Requests for Exclusion from the Settlement Class

12.     Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel, so that it is received by Class Counsel **within sixty days** from the Notice Date.  The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement.  Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Claims Administrator.

13.     Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Fund created pursuant to the Settlement Agreement.

## The Fairness Hearing

14.     A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before this Court on **May 9, 2022, at 10:00 AM** to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this Class Action with respect to the Released Parties that are Defendants therein, and the entry of final judgment in the Class Action.  Class Counsel's application for award of attorneys' fees and costs shall be heard at the time of the fairness hearing.

15.     The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

16.     Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney.  Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

17.     Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement.  Any Class member may object to the proposed Settlement, entry of the Final Order and Judgment approving the settlement, and Class Counsel's application for fees and expenses by filing and serving a written objection.

18.     Any Class member making an objection (an "objector") must sign the objection personally.  An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position.  If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

19.     Objections, along with any notices of intent to appear, must be filed **within sixty days** of the Notice Date.  These documents must be filed with the Clerk of the Court at the following address:

> Office of the Clerk
> Joseph P. Kinneary U.S. Courthouse Room 121
> 85 Marconi Boulevard
> Columbus, Ohio 43215

20.     Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the addresses listed below:

> Elmer Robert Keach, III, Esquire
> Law Offices of Elmer Robert Keach, III, PC
> One Pine West Plaza, Suite 109
> Albany, NY 12205
> *Counsel for Plaintiff*
>
> Amy L. Hiers, Esquire
> Jeanine Hummer, Esquire
> Jesse W. Armstrong, Esquire
> John A. Zervas, Esquire,
> Franklin County Prosecutor's Office
> 373 South High Street 13th Floor
> Columbus, OH 43215
> *Counsel for Defendant*

21.     Only Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Order and Judgment, or to Class Counsel's application for fees, costs and expenses, in accordance with the procedure set forth in the Class Notice and mandated in the Order, shall be deemed to have forfeited any such objection by appeal, collateral attack, or otherwise.

22.     Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

23.     All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against Defendant with regard to the claims brought in the Complaint.

## **Other Provisions**

24.     Upon approval of the settlement provided for in this Settlement Agreement, each and every provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

25.     All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

26.     Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making without further approval of the Court minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable and necessary.

27.     Plaintiffs shall file their motion for final approval of the proposed Settlement no later than **fourteen calendar days** prior to the Fairness Hearing, and shall file their motion for Attorney's Fees and Expenses, and Class Representative Service Awards, no later than **fourteen calendar days** prior to deadline for Settlement Class Members to submit written comments or objections.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

# Exhibit A

**Legal Notice**

**United States District Court for the Southern District of Ohio**

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**</u>

## IF YOU ARE A WOMAN WHO WAS ADMITTED INTO THE CUSTODY OF THE FRANKLIN COUNTY SHERIFF'S OFFICE, AND HAD PHOTOGRAPHS TAKEN OF TATTOOS ON YOUR PRIVATE PARTS BETWEEN MAY 23, 2011 AND APRIL 30, 2014, YOU ARE ENTITLED TO RECEIVE MONEY FROM A CLASS ACTION SETTLEMENT

## Read This Notice Carefully

*A Federal Court Authorized This Notice.  It Is Not From A Lawyer.  You Are Not Being Sued.*

- This is a proposed settlement of a class action alleging female pre-arraignment detainees at Jackson Pike between May 23, 2011, and April 30, 2014, had photographs taken of their tattoos in compromising positions in violation of their constitutional rights.

- The primary benefit of the settlement to class members is a payment. Each Class Member is entitled to receive a *pro rata* share of the Settlement Fund, which we estimate will be approximately $2,735 per class member. In addition, the Defendant has agreed to enact a policy forbidding photographing the tattoos of misdemeanor detainees as asserted in this lawsuit absent extraordinary circumstances, and will train its employees about the new policy in due course. The Defendant has also agreed that all photographs of the tattoos of class members will be sealed by Court Order and destroyed within five years.

- You are eligible to receive this payment without taking any additional action, as you, as the person to whom this notice is addressed, has been verified as a member of the class.  It is imperative that you contact class counsel immediately with your address so that you can be mailed a check for your share of the settlement.

- The settlement requires the defendant to establish a Settlement Fund in the amount of $2,500,000 to pay all costs, expenses, attorney fees, and payments to class members. This is the complete and total settlement amount that defendant will pay and includes, in addition to payments to class members: (1) payment, on behalf of the class, of plaintiffs' attorneys' fees and litigation costs in an amount to be determined by the Court; (2) payment of an incentive award to the class representative; and (3) payment of the costs of notifying the class about, and administering all aspects of, this settlement, including distributing payment to members of the class.

- Visit the Class Action Settlement Website at www.jacksonpikesettlement.com for additional

1

details about the lawsuit. You may also get additional information by calling [ ], or by writing to:

[*McDonald v. Franklin* County Settlement Administrator]
PO Box

*Your legal rights are affected whether you act or you don't act. Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Exclude Yourself** | If you exclude yourself from the Settlement, you will not be bound by the Settlement or judgment and will not be entitled to a cash payment. You will be free to pursue your claims, if any, against the Defendant. This is the only option that allows you to bring or be part of any other lawsuit against the Defendant in this case about the same legal claims that are advanced in this case. **You must exclude yourself from the Settlement by [60 days after Notice Date].** |
| **Object** | If you do not exclude yourself, you may write to the Court about why you do not like the Settlement or the request for legal fees and costs. **You must send a written objection to the Court postmarked no later than [60 days after Notice Date].** |
| **Go to a Hearing** | You may ask to speak in Court about the fairness of the Settlement or the request for fees and costs. |
| **Do Nothing** | You will receive your *pro rata* share of the payment. You give up your right to sue Defendant on these claims later. |

2

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

- These rights and options – **and the deadline to exercise them –** are explained in this notice.
- The Court in charge of this case still must decide whether to give final approval to the Settlement. Likewise, payments to class members will be distributed only if the Court grants final approval of the Settlement and after any appeals are resolved.

## BASIC INFORMATION

### I. WHY DID I GET THIS NOTICE?

You, or a female residing at your address, was in the custody of the Franklin County Sheriff's Office on misdemeanor or other minor charges between May 23, 2011 and April 30, 2014, and had photos taken of tattoos located on their private parts upon admission to the Jackson Pike Facility in Columbus. These private parts including the breast, genitals, buttocks and the area under the belly button.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action, and about your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.

*If the class member that is entitled to receive this settlement notice is deceased, the settlement payment check will be made out in the name of the estate of the deceased class member. If you are the next of kin of a deceased class member, please contact Class Counsel listed below.*

The Court in charge of this case is the United States District Court for the Southern District of Ohio. United States District Judge Michael H. Watson is presiding over this case. The Case is known as *McDonald v. Franklin County, Ohio,* Case Number 2:13-CV-503. The people who sued are called Plaintiffs, and the municipality they sued, Franklin County, is called the Defendant. The lawyers that represent the Plaintiff and the Class are called Class Counsel.

### II. WHAT IS THIS LAWSUIT ABOUT?

The lawsuit claims that Franklin County illegally photographed tattoos on the private parts of female detainees who were admitted into the custody of the Jackson Pike facility in Columbus after being charged with misdemeanors or other minor crimes, in violation of the unreasonable search and seizure provisions contained in the Fourth Amendment of the United States Constitution. Defendant Franklin County admits to photographing all tattoos on detainees during the class period, but maintains it did so legally. The Defendant further claims that the Class Members are not entitled to any damages as a result of having their tattoos photographed.

3

### III.    WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called Class Representatives (in this case Kristen McDonald), sue on behalf of all people who have similar claims. All these people are a Class or Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Michael H. Watson is in charge of this class action.

### IV.    WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and the people affected will get compensation. The Class Representative and her attorneys think the Settlement is best for everyone who was subject to Jackson Pike's practices during the class period.

### V.    HOW DO I KNOW IF I AM A MEMBER OF THE CLASS?

District Judge Watson has decided that everyone who fits this description is a Class Member:

> All female detainees who have been placed into the custody of the Franklin County Correctional Center Two ("Jackson Pike"), after being charged with misdemeanors, minor misdemeanors, violations of probation, traffic infractions, civil commitments, city code violations or other minor crimes, including failure to pay fines, and had photographs taken of their breasts, hypogastric region, genitals, and/or buttocks upon their entry into the Jackson Pike facility prior to being arraigned before a judicial officer, pursuant to the policy, custom and practice of the County of Franklin. Detainees who are members of the class had photographs taken of their genitals, their hypogastric region, the lobes of their buttocks and/or the lobes of their breasts at the Jackson Pike facility. The class period commences on May 23, 2011, and extends until April 30, 2014.

> Specifically excluded from the class are the Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

Counsel for all parties agree that Franklin County ceased photographing tattoos on the private parts of detainees charged with misdemeanors or other minor crimes on April 30, 2014, the date on which they changed their policy and trained their employees to cease taking such photographs. Consequently, the Class Period runs from May 23, 2011 until April 30, 2014. If you are a female, were admitted into the custody of Jackson Pike during this time, and had photographs taken of tattoos on your private parts, you are a member of the class.

This lawsuit does not cover men, individuals charged with felony offenses, or individuals who had tattoos photographed that were not on their private parts at the time of their entry into the Jackson Pike facility. Also excluded are employees and representatives of the Defendant.

4

## VI. HOW DO I KNOW IF I QUALIFY TO BE IN THE CLASS?

Class Counsel understands the sensitivity that many class members have about their time in the Franklin County Jail. Any contact between class members and Class Counsel is confidential. If you are delivered this notice, Class Counsel has reviewed your records and determined you are a member of the Class. You need to cooperate with class counsel in order for class counsel to locate you, and for them to make sure that you receive your settlement payment. You need to do nothing to receive this payment other than work with class counsel to provide your address.

If you did not receive this notice in the mail, however, you may still be a class member. You may contact Class Counsel or the Settlement Administrator to confirm your membership in the class. For more information, you can also visit the website, www.jacksonpikesettlement.com.

## VII. WHAT AM I GIVING UP TO STAY IN THE CLASS?

Unless you exclude yourself, you are staying in the Class and will be represented by Class Counsel. That means you will be part of this lawsuit, and cannot sue, continue to sue, or be part of any other lawsuit against Franklin County, its employees, or its elected officials about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

You will receive a cash payment if you stay in the class. The attorneys for the class, and all litigation and administrative expenses, are being paid from the settlement fund.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## VIII. WHAT DOES THE SETTLEMENT PROVIDE?

Defendant has agreed to provide a total settlement fund amount of $2,500,000 to compensate Class Members whose tattoos were photographed while at the Jackson Pike facility during the class period. This settlement fund amount will cover all costs, administration and notification expenses, payments to class members, attorney fees, class notice, and all aspects of the administration of settlement, including but not limited to, attorneys' feesup to a maximum of $833,333.33, class counsel's litigation expenses and a service award to the class representative of $50,000 for stepping forward and representing the Class.

A complete description of the settlement is provided in the Settlement Agreement and Release. You can get a copy of the Settlement Agreement and Release by visiting www.jacksonpikesettlement.com.

## IX. WHAT CAN I GET FROM THE SETTLEMENT?

The Settlement Fund will be distributed to Class Members on a pro rata basis. Each Class Member is entitled to receive a pro rata share of the Settlement Fund. We estimate that each class member will receive an amount in excess of $ 2,000.00.

5

If you received this notice on behalf next of kin who was a member of the class and who has passed away, please contact the Administrator for instructions on having the settlement payment paid to the Estate of the class member.

# EXCLUDING YOURSELF FROM THE CLASS

If you want to keep the right to sue, if any, or continue to sue Franklin County, if any, on your own, for monetary damages, then you must take steps to get out of the case. This is called excluding yourself – or is sometimes referred to as "opting out" of the class action lawsuit.

## X.  HOW DO I GET OUT OF THE CLASS ACTION LAWSUIT?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from McDonald v. Franklin County, Ohio, Case Number 2:13-CV-503. Be sure to include your name, address, telephone number, email address, and your signature.  You must mail your exclusion request postmarked no later than [60 days after Notice Date] to:

Franklin County Jail Exclusions
Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205

Class Counsel will take the responsibility of forwarding your Exclusion Request to the Court. You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive monetary recovery from this lawsuit, you cannot participate in the lawsuit, and you will not be legally bound by anything that happens in the lawsuit. You may be able to sue (or continue to sue) Franklin County in the future.

## XI.  IF I DO NOT EXCLUDE MYSELF, CAN I SUE FRANKLIN COUNTY FORTHE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue Franklin County for the claims that this case involves. Instead, you will receive a check for your share of the Settlement Fund.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.You must exclude yourself from *this* Class to continue on with your own lawsuit. Remember, the exclusion deadline is [60 days after Notice Date]_____, 2021.

## XII.  IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS CASE?

No. If you exclude yourself, you will not be eligible to receive any money from this lawsuit.

# THE LAWYERS REPRESENTING YOU

## XIII. WHO ARE THE LAWYERS IN THIS CASE?

The Court approved Andrew Baker of the Baker Law Group, Columbus, Ohio, Elmer Robert Keach, III, Esquire, Law Offices of Elmer Robert Keach, III, PC, Albany, New York; Nicholas A. Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, Washington, District of Columbia, and Aaron Rihn and Sara Watkins of Robert Pierce & Associates, P.C., Pittsburgh, Pennsylvania, to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## XIV. HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES BE PAID?

Class Counsel will ask the Court for attorneys' fees and expenses as a percentage of the settlement, and a payment of $50,000 for Class Representative Kristen McDonald.  The Settlement Agreement provides that one third (1/3) of the Settlement Fund ($833.333.33) will be paid to Class Counsel as an award of attorneys' fees, together with an award for the reimbursement of litigation expenses.. These amounts will be deducted from the Settlement Fund before payments are made to Class Members. The costs of administering the Settlement and locating class members, which are estimated at $_____, will also be deducted from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## XV. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  You can give objections why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to McDonald v. Franklin County, Ohio, Case Number 2:13-CV-0503. Be sure to include your name, address, telephone number, your signature, and the reasons why you object to this Settlement and the case number (2:13-CV-0503).  Mail the objection to these three different places postmarked no later than [60 days after Notice Date].

**COURT**

Clerk of the Court
United States District Court For the Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse, Room 169
85 Marconi Boulevard
Columbus, OH 43215
Phone: (614) 719-3300

**CLASS COUNSEL**

7

Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, NY 12205

**DEFENSE COUNSEL**

Amy L. Hiers, Esquire
Jeanine Hummer, Esquire
Jesse W. Armstrong, Esquire
John A. Zervas, Esquire,
Franklin County Prosecutor's Office
373 South High Street 13th Floor
Columbus, OH 43215

## XVI.   WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer legally affects you.

# IF YOU DO NOTHING

## XVII.   WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will receive money from the Settlement. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Franklin County about the legal issues in this case, ever again.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

## XVIII.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On 120 days after entry of Preliminary Approval, the U.S. District Court for the Southern District of Ohio will hold a fairness hearing in the Joseph P. Kinneary U.S. Courthouse located at 85 Marconi

8

Boulevard, Columbus, OH to determine whether the Class was properly certified and whether the proposed Settlement is fair, adequate, and reasonable. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. This hearing may be continued or rescheduled by the Court without further notice. We do not know how long it will take the Court to give its decision.

## XIX. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions Judge Watson may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

## XX. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in McDonald v. Franklin County, Ohio, Case Number 2:13-CV-0503." Be sure to include your name, address, telephone number and your signature and the case number (2:13-CV-0503). Your Notice of Intention to Appear must be postmarked no later than [60 days after Notice Date] and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question. It is possible that the Court will have you speak at the Fairness Hearing by telephone. You cannot speak at this hearing if you excluded yourself from the class.

## GETTING MORE INFORMATION

## XXI. HOW DO I GET MORE INFORMATION?

If you need additional help in determining whether you are a class member, or if you have other questions, you can contact a representative of Class Counsel at [      ] who may be able to help you directly or have class counsel call you to answer your questions. You can also visit the Settlement website, www.jacksonpikesettlement.com.

*Si desea una copia del aviso en español, comuniquese con nosotros al 1-[      ].*

Exhibit B

# IF YOU ARE A WOMAN WHO WAS ADMITTED INTO THE CUSTODY OF THE FRANKLIN COUNTY SHERIFF'S OFFICE, AND HAD PHOTOGRAPHS TAKEN OF TATTOOS ON YOUR PRIVATE PARTS BETWEEN MAY 23, 2011 AND APRIL 30, 2014, YOU ARE ENTITLED TO RECEIVE MONEY FROM A CLASS ACTION SETTLEMENT

## Your Rights Could be Affected by a Class Action Lawsuit Settlement

The United States District Court for the Southern District of Ohio has certified a Settlement Class as part of a proposed settlement of a class action alleging female pre-arraignment detainees at Jackson Pike between May 23, 2011, and April 30, 2014, had photographs taken of their tattoos in private areas in violation of their constitutional rights. The primary benefit of the settlement to class members is a payment. Each Class Member is entitled to receive a *pro rata* share of the Settlement Fund, which we estimate will be in excess of $ 2,000 per class member.

**What is this Lawsuit?**

This is a class action lawsuit alleging that Franklin County engaged in the practice of illegally photographing the privates of female detainees charged with misdemeanors or other minor crimes upon their entry into the Jackson Pike facility between May 23, 2011 and April 20, 2014. The Plaintiff alleges, and Franklin County admits, that employees at the Jackson Pike facility photographed tattoos on the private parts of female detainees during this time period. Photos were taken of tattoos on the breasts, genitals, buttocks and in the area below the belly button. The Plaintiff alleges that the taking of these photographs of tattoos on a female detainee's private parts, as embodied in Franklin County policy, violates the Constitution of the United States. Franklin County claims that its practices are justified and legal.

This lawsuit does not include men, individuals who were charged with felonies, or individuals who did not have tattoos on their privates.

**Who is Included in the Class?**

You are a class member if you are female, were admitted into the Jackson Pike Facility between May 23, 2011 and April 20, 2014, were only charged with a misdemeanor or other minor crime, and had tattoos on your private parts photographed during your admission to the Jackson Pike facility.

**Are You Entitled to Any Benefits at This Time?**

Yes.  Defendant has agreed to provide a Settlement Fund amount of $2,500,000.00 to: compensate Class Members whose tattoos were photographed while at the Jackson Pike facility during the class period; pay for attorneys' fees, up to a maximum of $833,333.33; pay litigation expenses for class counsel: provide the class representative a service award of $50,000 for stepping forward and representing the Class; and pay all the expenses of notifying the class about, and administering all aspects of, this Settlement, and delivering payments to class members. Attorneys' fees, administration costs and incentive awards are taken out of the settlement fund amount prior to distribution to the class. A complete description of the settlement is provided in the Settlement Agreement and Release.

For more information, call toll free or visit the settlement website:

## 1-[          ]
## www.jacksonpikesettlement.com

### or write:
[          ]